# PADGETT *vs.* PADGETT.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Competency of guardian as witness for himself.*—Prior to the passage of the act approved February 14, 1867, relative to the competency of witnesses, (Session Acts, 1866-67, p. 435,) a guardian could not testify generally for himself, on final settlement of his accounts, though he might establish by his own oath the correctness of any item under twenty dollars.

APPEAL from the Probate Court of Pike.

IN the matter of the final settlement of the accounts and vouchers of Gray Padgett, as the guardian of Eliza Padgett, a minor. On the settlement, which was made on the 7th December, 1866, several exceptions were reserved by the ward to the rulings of the court on questions of practice and evidence, and also to the final decree; and these matters are here assigned as error.

J. D. GARDNER, for appellant.

J. N. ARRINGTON, *contra.*

JUDGE, J.—At the date of the settlement by the guardian in this case, he might have established by his own oath any item in his account not exceeding twenty dollars; but it appears from the record that the court permitted him to testify generally as a witness in his own behalf. In permitting this, the court below erred. Our decision upon this point is, of course, made without reference to the act in relation to the competency of witnesses, which became a law subsequent to the date of the settlement.—Acts 1866-67, p. 435. This act may exercise an important influence over the case on another settlement.

There are other questions in the cause; but some of them are not very clearly presented by the bill of exceptions, and we decline to notice any other than the one above

designated; for the erroneous ruling of the probate court in relation to which, the decree must be reversed, and the cause remanded.