WALTHALL, by next friend, *vs.* WALTHALL, Guardian.

## TURPIN and WIFE *vs.* SAME.

[FINAL SETTLEMENT—GUARDIAN.]

1. *Parties and persons interested, competent to testify.*—The Act of February 14th, 1867, Revised Code, § 2704, (2302*a*,) allowing a party or person interested to testify, held to be valid, and not violative of any constitutional provision.

2. *Confederate treasury notes; guardian—settlement.*—Confederate treasury notes received, *bona fide,* by a guardian, in behalf of his ward, and funded in Confederate bonds, allowed as a credit to the guardian, on final settlement.

APPEAL from Greene Probate Court.

THESE two cases depend upon a state of facts entirely similar, and were heard at the same time, so that a statement of the facts of one cause, only, is given.

This was a proceeding for final settlement of his guardianship, between L. N. Walthall, guardian of Thomas A. Walthall, and his said ward, before the probate court of Greene county. In the course of the trial, Thomas M. Walthall, who was one of the sureties on the bond given by said L. N. Walthall, as guardian, was offered as a witness by the guardian, and the guardian himself also testified as a witness for himself in the case. The counsel for the ward objected to each, and both of these, as witnesses, on the ground of competency, but the court overruled the objection, and they were each and both allowed to testify in the case, and the ward by his counsel excepted, in each instance.

It was also shown in the progress of the trial, that the guardian had received *bona fide,* in behalf of his ward and for money due to the ward, Confederate treasury notes, and that said Confederate treasury notes had duly been funded on behalf of the ward in Confederate States bonds.

The amount so received and funded was objected to by the counsel for the ward as a credit in behalf of the guardian, but his objection was overruled, and the credit allowed, and the counsel for the ward excepted.

A decree of final settlement was rendered by the probate court on this basis, from which the ward, by Thomas C. Clark, as next friend, appealed, and assigns for error said decree, and the exceptions taken as aforesaid.

J. B. CLARK, for appellant.

BYRD, J.—1. The objections to the competency of Thomas M. Walthall and the guardian as witnesses, were correctly overruled. Under the act approved, Feb. 14th, 1867, (Pamph. Acts, p. 435,) they were competent to testify at the trial. In this case, though the witness and guardian were incompetent to testify about the transactions mentioned in their evidence prior to the act of 1867, yet it is no violation of any legal or constitutional right of the appellants for the legislature to remove the disability then existing ; such an act is not an *ex post facto* law. It operates only as a removal of a present disability, and does not affect any vested right of appellants or impair the obligation of any contract. It has been decided that a law is *ex post facto* which authorizes less evidence to convict on a criminal prosecution, than was required by law at the time of the commission of the offense. But I know of no decision, or principle of law, which would exclude a witness from testifying, even in a criminal case, because he was incompetent from some disability existing at the commission of the offense, but which, before the trial, has been removed by law or by a pardon.

2. The other questions raised by the bill of exceptions have been adjudicated by this court in conformity to the rulings of the probate court ; and the rulings of that court on the objections taken by appellants to the Confederate notes and bonds received by the appellee, and to the extent that he is credited therewith in his account, must be affirmed on the authority of the cases

of *Watson and Wife v. Stone*, and *Dockery v. McDowell, Adm'r*, in manuscript.

I do not concur in the doctrine of those cases, and my views are given at length in dissenting opinions in the cases of *Dockery v. McDowell*, *supra*, and of *Scheible v. Bacho*, in manuscript.

Affirmed.