# Avery's Executors *v.* Avery.

*Action against Executors on Common Counts.*

1. *Entries in book kept by deceased party.* — In an action against executors, to recover the value of goods and chattels belonging to plaintiff, which were received and sold by their testator in his lifetime, entries in a memorandum book kept by him are not competent evidence for the defendants, unless they are shown to contain the registration of some fact which is relevant to the issues on trial, and to have been made by him in the course of his business or duty, as to which, if living, he would be competent to testify.

2. *Competency of parties as witnesses, in suits against executors.* — An executor, when sued in his representative character, may testify in his own behalf, as to admissions made by the plaintiff since the testator's death ; the statute (Rev. Code, § 2704) only renders him incompetent to testify " as to any transaction with or statement by the testator."

APPEAL from the Circuit Court of Hale.
Tried before the Hon. M. J. SAFFOLD.

[Avery's Executors *v.* Avery.]

J. J. GARRET, for appellant.

COLEMAN & SEAY, *contra.*

PETERS, J. — In this cause H. W. Avery sues the executors of Bryant Avery, deceased, in an action of assumpsit. The complaint contains five counts.   There is one upon a due bill ; two upon accounts for goods and chattels had and received of plaintiff by defendants' testator ; and two on small accounts, for $25.00, and for $27.25.   The defendants' pleas deny these debts, and insist upon an offset for $400.00.   There was a trial by a jury, and a verdict and judgment for the plaintiff for $752.24.   On the trial, the defendants took several exceptions, which are properly reserved by a bill of exceptions. From this it appears that the plaintiff offered evidence tending to show that during the lifetime of the defendants' testator the plaintiff and said testator had agreed that plaintiff should make gins in testator's gin-shop, and that for each fifty-saw gin the testator was to be paid forty dollars for the materials, and the gin was to belong to the plaintiff.   Under this contract the plaintiff " made eight or nine gins, of fifty saws each." It was further shown that said testator took one of plaintiff's fifty-saw gins to fill an order for four gins to be delivered at Gainesville, in this State, to fill said order ; that such gins were worth $200.00 at the factory, and it cost about $30.00 each to send them to market.   There was also proof to show that said testator also took a second gin made by plaintiff, and sent it to one Carlile, which was worth $200.00, the price of which had been paid by Carlile to the defendants, since their testator's death.   There was also some other evidence offered by plaintiff, which it is unnecessary to notice.   The defendants then offered evidence " tending to show that Bryant Avery " (the testator) " had long been engaged in making and selling gins at the factory above mentioned ; that at the time of his death he had a large number of gins on hand in his factory, which came to their hands as executors ; that he kept what is called a 'gin-book,' in which were regularly entered, in the course of business, and in his own handwriting, the sales of gins from his factory ; and they produced a book of this kind, which was submitted to inspection of the court ; and then offered evidence tending to show that it was identical with the gin-book kept by Bryant Avery in his lifetime ; that the entries were in his handwriting ; and that it came to the hands of his executors, the defendants, with other papers of their testator ; and then offered the book in evidence, as far as its entries might relate to the gins sued for in this action." Upon this the court excluded the book thus offered, and the defendants excepted.

[Avery's Executors *v.* Avery.]

1. There are two grounds upon which this action of the court may be justified. The one is, that it does not appear that there was any entry in the book which related to the gins sued for in this action. If there was no such entry, then the book clearly had no legitimate connection with the case, so far as the evidence showed. Its entries were irrelevant. Another objection is, that the book was not shown to have any connection with the business of the plaintiff, or to be a memorandum kept in the course of dealings between him and the testator. Such a book must contain the registration of some fact, made in the course of business or duty, by one who would at the time have been a competent witness to the fact which he registers; and the fact so registered must have some connection with the issues on trial in the cause. See *Batre* v. *Simpson*, 4 Ala. 305; *Grant* v. *Cole & Co.* 8 Ala. 519; *Clemens* v. *Patton, Donegan & Co.* 9 Port. 289. For aught that otherwise appears, the gin-book above referred to may have been a mere private memorandum book of the testator. In such case, it is not evidence for the party keeping it. *Turnipseed* v. *Goodwin*, 9 Ala. 372. The book, when it is competent, stands in the place of the witness who made the entry; but the entry must be that of a fact pertinent to the issue. Such was not shown to be the case in this instance. In this view of this objection, it cannot be sustained.

2. There are two other objections to the action of the court below, shown in the bill of exceptions. But these are identical in principle, and depend upon the construction of section 2704 of the Revised Code. The record shows that the defendants offered to prove, by one of themselves, certain admissions made by the plaintiff, after the death of Bryant Avery, about the gins in controversy, which admissions tended to sustain the defendants' pleas. This was refused by the court, because the defendant was incompetent as a witness in such a suit as this. Was this correct? I think not. After removing the disability of interest, which rendered a witness incompetent at common law, the Revised Code goes on to declare, " that in suits or proceedings by or against executors or administrators (as to which a different rule is not made by the laws of this State), neither party shall be allowed to testify against the other, *as to any transaction with or statement by the testator or intestate*, unless called thereto by the opposite party." Rev. Code, § 2704. This is a limitation to the general rule, that all parties to a suit are competent witnesses. Rev. Code, § 2704. What is the purport of this limitation? Does it exclude the parties, in such a suit as this, from being witness against each other altogether? or does it refuse to allow them so to testify only " as to any transaction with or statement by the testator or

[Coster v. Barrett.]

intestate ? " Certainly the true interpretation of the statute confines the limitation " to any transaction with, or statement by the testator." Outside of this limitation, the parties to any suit are governed by the general rule, which makes all persons of sufficient capacity competent as witnesses. The general rule is, that " in suits and proceedings before any court or officer, other than criminal cases, there must be no exclusion of any witness because he is a party, or interested in the issue tried." Rev. Code, § 2704. The confessions or admissions of the plaintiff in this suit cannot be said to be a " transaction with or statement by the testator." They, then, do not fall within the exception to the general rule, and they may be proved by a party to this suit. The statute does not forbid this. Nor can it work any injustice to the plaintiff ; because he is a competent witness to contradict the evidence of such admissions. The parties, then, stand upon equal terms. This is the purpose of the statute, and, as I think, its proper interpretation. *O'Neal* v. *Reynolds*, 42 Ala. 197 ; *Walthall* v. *Walthall*, 42 Ala. 450.

For the error last pointed out, the judgment of the court below is reversed, and the cause is remanded.