# Richardson v. Stovall.

*Action before Justice of the Peace to recover Compensation for Medical Services.*

*Competency of witness; section 3218, Revised Code, repealed, so far as affecting competency of witness under section 2904, Revised Code.*—When-- ever a party to the suit, or one interested in the issue, is a competent witness · under section 2704 of the Revised Code, the party against whom his testi- mony is offered cannot exclude him under section 3218, by swearing that "the testimony proposed to be given is untrue;" the latter section is· necessarily repealed so far as it affects parties competent to testify under· section 2704.

APPEAL from Circuit Court of Dale.

Tried before the Hon. J. McCALEB WILEY.

This was an appeal case, from a justice of the peace to the· Circuit Court of Dale county. It was a suit by appellee against appellant for services of appellee as physician to appellant's wife in her last illness. On the trial in the Circuit Court, appellee offered himself as a witness to prove his account. The appellant objected, and then demanded a written statement of what appellee proposed to swear, so that appellant might have an opportunity of controverting it under section 3218, Revised Code. The court overruled: the objection, and allowed appellee to testify as a general witness. Defendant excepted to said ruling, and now assigns · the same as error.

W. D. ROBERTS, for appellant.

W. C. OATES, *contra.*

STONE, J.—Section 2704 of Revised Code, (since amend-· ed, Pamph. Acts 1874–5, p. 252), to the extent that section. goes, necessarily repeals section 3218, Revised Code. Being · a party, or interested in the suit, except as provided in said section 2704, is now no disqualification to testify in any civil. suit.—*Padget v. Padget*, 41 Ala. 382; *Walthall v. Walthall,*. 42 Ala. 450; *Brand v. Abbott, id.* 499; *Eliton v. Wyley, id.* 640...

No error in the record.

Affirmed.