# Dismukes & Patrick *v.* Tolson & Barrett.

*Assumpsit for Goods Sold and Delivered, and on Account Stated.*

1. *Shop books ; when original entries in are evidence.*—Original entries made in the usual course of business by a party having personal knowledge of the facts, in his own shop books, if such entries are made contemporaneously with the facts to which they relate, and are corroborated by the testimony of the party if living, or by proof of his handwriting if dead, insane, or beyond the jurisdiction of the court, are generally admissible in his favor.

2. *Transactions with deceased persons : purpose and scope of the statute excluding evidence as to by interested witnesses.*—The purpose of the statute, which declares, " that neither party shall testify against the other as to any transaction with or statement by any deceased person whose estate is interested in the result of the suit," (Code, § 3058), is to exclude the living from testifying against the dead, who can not be heard in explanation and contradiction, and it applies to all cases involving a direct, immediate conflict of interest between the witness, and the estate of a decedent, where the effect of the evidence is to diminish the rights of the deceased, or of those claiming under him.

3. *Shop books ; original entries in, not evidence for party making them against estate of decedent.*—When the vendor of goods dies and his personal representative brings an action against the purchaser for the price, the purchaser can not read in evidence original entries made in his own shop books, in the usual course of trade, showing payment to the vendor ; such entries are made contemporaneously, are mere written declarations of the party; are parts of the *res gestæ,* and are properly excluded, as transaction by, or with, a deceased person whose estate is interested in the result of the suit.

APPEAL from Etowah Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This was an action brought by J. Patrick and J. F. Dismukes, as administrators of the estate of W. B. Gilliland, against J. D. Tolson and J. D. Barrett, partners trading under the name and style of Tolson & Barrett, in which they claimed $73.75 as due on account stated between defendants and plaintiff's intestate, and a like sum for corn sold and de-

livered to them by said intestate. On the trial the defendants admitted the receipt of the corn; and the value, as claimed by the plaintiffs, and that Gilliland died on December 23, 1875. The defendants introduced J. D. Tolson, by whom they offered to show that he was a merchant, and a member of the firm of Tolson & Barrett; that he kept the books of the firm at the time the entries, set out below, were made in the books of Tolson & Barrett; and that he made these entries in the usual course of business. Plaintiffs excepted, severally, and separately, to each portion of this testimony, but the objections were overruled, and the plaintiffs excepted. The defendants then offered to prove by said Tolson that certain books which he produced in court were the books of common entry of Tolson & Barrett, to which plaintiffs objected, but the court overruled the objection, and allowed said Tolson to testify that the said books were the books of common entry of Tolson & Barrett. The defendants then offered to read in evidence an entry from one of these books, which Tolson testified was the "journal," as follows: "Monday, March 9, 1874 : To cash paid to Gilliland for corn, $78." The plaintiffs objected to this entry as evidence in the case, but the court overruled the objection, and defendant excepted. The defendants then offered in evidence an entry from another of these books, which said Tolson testified was the "ledger," and which was as follows: "March 9, 1874: paid Gilliland for corn, $78." The defendants objected to this entry as evidence, but the court overruled the objection, and defendants excepted. There was a verdict for the defendants. The rulings of the court on the evidence are assigned as error.

AIKEN & MARTIN, for appellants.—Entries made by a tradesman in his books are not admissible in his favor.—*Moore v. Anderson & Bro.* 5 Port. 107 ; 3 Ala. 642. The entries were the mere written declaration of Tolson himself, and were not admissible.—3 Ala. 519 ; 9 Ala. 372. In *Richardson v. Dormon*, the court said that the books of a physician are evidence of the items of his account, but that the value of medicines must be left to the jury. If Gilliland himself was the plaintiff in this action, these books would not have been evidence against him — *Godbold v. Blair*, 27 Ala. 592. Tolson was not a competent witness to prove that the money was paid for the corn, and cannot prove indirectly that which he could not prove directly. The statute is intended to prevent one party to a contract from testifying about it when death has sealed the lips of the other party, and both its

letter and its spirit was violated by permitting these entries to go to the jury.

DENSON & DISQUE, for appellees.—Tolson was a competent witness to prove that he made the entries as the book-keeper of Tolson & Barrett, in the usual course of business, and that they were the books of common entry. Such testimony involved no statement by, or transaction with, Gilliland, and is not excluded by force of the statute.—1 Whart. on Ev. 516–679 ; 3 Pick. 96; 15 Am. Dec. 181 ; *Avery v. Avery*, 49 Ala. 193. Gilliland died on December 23, 1875. The entries were made March, 1874, when Tolson was certainly a competent witness.—*Batre v. Simpson*, 4 Ala. 305. The argument, from necessity, should prevail in this case, for Tolson was a competent witness when he made these entries in the due course of business, and as Gilliland is dead, and appellees cannot have the benefit of his testimony, a failure of justice must result unless these entries can be proven.

SOMERVILLE, J.—The original entries made by a party himself in his own shop-books, are generally held to be admissible in evidence in his own behalf. But to be admissible, they must have been made in the ordinary course of business, contemporaneously with the facts to which they relate, and by one having personal knowledge of the facts ; and must further be corroborated by the testimony of the party, if living, or by proof of his handwriting, if dead, or insane, or out of the jurisdiction of the court trying the cause. *Chaffee v. United States*, 18 Wall. 516 ; 1 Greenl. §§ 118-120 ; *Union Bank v. Knapp*, 3 Pick. 96 ; 15 Amer. Dec. 181, and note, 191 ; *Batre v. Simpson*, 4 Ala. 304; *Avery's Ex'rs v. Avery*, 49 Ala. 193 : 1 Whart. Ev. § 678-9.

The question presented for decision in this case is, whether, in a suit brought by an administrator of a deceased person against a defendant, the latter is competent, under section 3058 of the present Code (1876), to prove for himself certain entries made by him, which had reference to a transaction with the deceased during his life-time. The above section removes all incompetency based upon the fact of the witness being a party, or interested in the issue, in other than criminal cases, "except that neither party shall be allowed to testify against the other, *as to any transaction with*, or statement by, *any deceased person* whose estate is interested in the result of such suit, or when such deceased person, at the time of such statement or transaction, acted in any representtive or fiduciary relation whatever to the party against whom

[Ferguson et al. v. Morris.]

such testimony is sought to be introduced."—Code of 1876, § 3058.

The reason upon which this statute is based seems to be, that there should be no admissibility unless there is mutuality; that when the lips of one party to a transaction are sealed by death, those of the other must in like manner be sealed by law.—1 Whart. Ev. § 466; *Kumpe v. Coons*, 63 Ala. 448. Its purpose and policy is to exclude the living from testifying against the dead, because the latter cannot be heard in explanation or contradiction, and it has been held to apply to all cases involving a direct, immediate conflict of interest between the proposed witness and the estate of a decedent, where the purpose or effect of such evidence is to diminish the rights of the decedent, or of those claiming in succession under him.—*Insurance Company v. Sledge*, 62 Ala. 566; *Key v. Jones, Adm'r*, 52 Ala. 238; *Beadle v. Graham's Adm'r*, (present term, MSS.)

Applying these principles, we do not think that the defendant, Tolson, was a competent witness, under the statute, to prove the various book entries to which he was permitted to testify in the court below. These entries were a mere written declaration of the fact that the defendants had paid for the corn which they purchased from the deceased in his life-time. They were contemporaneous with the principal fact of payment, and are regarded in the eye of the law as *verbal acts*, being part and parcel of the *res gestœ*.—1 Greenl. Ev. § 120. They clearly constituted a part of the transaction with the deceased, and come within the statutory prohibition. To allow a defendant to prove such entries by his own oath, against the estate of a decedent, would be to permit him to accomplish indirectly what he is prohibited from doing directly by the express mandate of the statute.

Reversed and remanded.