# Napier, *et al., v.* Elliott.

## *Ejectment.*

(Decided April 28th, 1906, 40 So. Rep. 752.)

1. *Deeds; Delivery; Evidence; Registration.*—That a deed was delivered by the grantor to the probate judge for registration is not conclusive evidence of a delivery to the grantee, delivery

being a question of intention, and the delivery *vel non* may be rebutted by other evidence.

2. *Evidence; Delivery of Deed; Declarations of Grantor.*—The declarations of a grantor, made at the time of the execution of the deed, explanatory of his subsequent action in deliverying the deed for registration, are competent on the disputed question of a delivery, *vel non*, of the deed.

APPEAL from Houston Circuit Court.

Heard before HON. H. A. PEARCE.

This was an action of ejectment begun by Minnie Elliott against Napier, et al. The plaintiff was Minnie Hughes, the daughter of the grantor in the deed referred to in the opinion and one of the grantees in the deed. It appeared also from the testimony that the defendants were children of the grantor in the deed. It further appeared that the grantor executed the deed to Nancy Hughes and Minnie Elliott, and that the deed was filed and recorded in the probate office and taken by the grantor from the probate office and put among his other papers in a trunk at his home, and that the grantor continued in the possession of the land until his death. Upon the trial, the defendant offered to show certain statements alleged to have been made by the grantor at the time he signed and executed the deed. The court sustained objection to the question and defendant's counsel stated to the court that Hughes, the grantor in the deed, said to witness at the time he made the deed that he was sued for a security debt, and that he wanted to make a deed of his land to Minnie and his wife and put the same away in his trunk so that the grantees in said deed could claim the land if Malone should sell or undertake to sell them on a judgment against him. The court sustained the objection and defendant's counsel stated to the court that if permitted to do so, the witness would further testify that immediately at the time that the deeds were made, the grantor therein said that he wanted to make the deed to the grantee, have them recorded and put them away in his trunk, not to be delivered but so that his wife and daughter could claim them should Malone ever try to sell the land, and a number of other statements of like effect. The court declined to permit the witness to testify to these facts.

[Napier, *et al.* v. Elliott.]

Espy & Farmer, for appellant.—The question of delivery depends on the intention of Joseph Hughes and declarations made by him at the time of the execution of the deed in reference to his intention were admissible to shed light on the question of delivery vel non.—*Fitzpatrick v. Brigman*, 133 Ala. 242; *Badders v. Davis*, 88 Ala. 372; *McLemore v. Pinkston*, 31 Ala. 269; *Moses v. Katzenberger*, 84 Ala. 95; *Gillispie v. Burleson*, 28 Ala. 561; *Birmingham Ry. Co. v. Mullin*, 138 Ala. 614; *Montgomery St. Ry. Co. v. Shank*, 139 Ala. 489.

Reid & Hill, for appellee.—No brief came to the reporter.

DENSON, J.—The only question presented by this record for determination is whether or not declarations of a grantor made at the time he signs and acknowledges a deed are competent to be given in evidence on the question of delivery, *vel non,* of the deed. Delivery is a necessary incident to the due execution of a deed. Without delivery it can never take effect. The record in this case shows there was no actual delivery; that the deeds were deposited by the grantor with the probate judge to be recorded, soon after they were signed; and after they were recorded they were returned to the possssion of the grantor. He remained in possession of the lands until his death, and after his death the deeds were found in his trunk amongst his other papers, and were never in possession of the grantees.

Registration is not conclusive evidence of delivery, but it may be rebutted by other evidence.—1 Dev. on Deeds, § 292, and authorities cited in notes 4 and 5; *Alexander v. Alexander*, 71 Ala. 295; *Ellsberry v. Boykin*, 65 Ala. 336; *Wells v. American Mortgage Co.*, 109 Ala. 430, on page 443, 20 South. 136; *Gulf Red Cedar Lumber Co. v. O'Neal*, 131 Ala. 117, 30 South. 466; *Fitzpatrick v. Brigman*, 130 Ala. 450, 30 South. 500; Id., 133 Ala. 242, 31 South. 940; *Lewis v. Watson*, 98 Ala. 479, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82; *Blight v. Schenck*, 10 Pa. 289. 51 Am. Dec. 478.

It is settled law that the fact of delivery rests in intention, and it is to be collected from all the acts and de-

clarations of the parties, having relation to it.—*Boykin v. Smith, supra; Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500. This being true, it would seem to follow that declarations of the grantor, made contemporaneously with the signing and acknowledgment of the deed and explanatory of the subsequent act of the grantor in having the deeds spread on the record, would be competent on the disputed question of delivery.—*Gregory v. Walker,* 38 Ala. 26; *McClure v. Colelough,* 17 Ala. 96; *Law v. Law,* 83 Ala. 432, 3 South. 752; 2 Wharton on Ev-(2d Ed.) § 930.

On the facts disclosed by the record we are of the opinion that the court erred in not allowing the defendants to offer evidence of the declarations of the grantor. The case is distinguishable from that of *Williams v. Higgins,* 69 Ala. 517. There the deed was delivered to the grantee.

The judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.