# Napier, *et al. v.* Elliott.

## *Ejectment.*

(Decided July 2, 1907. 44 South. 552.)

1. *Deeds: Delivery: Evidence.*—Where the issue was between the heirs and involved the question of the delivery of deeds by decedent to one of the parties, it was competent for such party to show by the justice of the peace who prepared the deed and took the acknowledgment, all that was done and said at the time of the signing by decedent, as well as what was then said by the justice to decedent in reference to the making of the deed.

[Napier, et al. v. Elliott.]

2. *Same.*—Where the issue was between the heirs, and involved the delivery of the deeds by decedent to plaintiffs, it is comptent for defendants to show that the day decedent died the plaintiff took a package of papers from decedent's trunk and placed them in her bosom.

3. *Witnesses; Competency; Transactions With Decedent.*—Where plaintiff in ejectment claimed against her co-heirs under deeds from the common ancestor, she was incompetent to testify as a witness as to transactions with and conversations between her and decedent concerning the execution and delivery of the deeds.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

For a former report of this case, see 146 Ala. 213, 40 South. 752.

Ejectment by Minnie Elliott against B. E. Napier and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

ESPY & FARMER, for appellant.—Plaintiff was incompetent to testify as to conversations and transactions had with decedent concerning the execution and delivery of the deed.—Sec. 1794, Code 1896; *Miller v. Cannon, et al.*, 84 Ala. 59; *Dismukes v. Dawson,* 67 Ala. 386; *Boykin v. Smith,* 65 Ala. 298; *Bibb v. Hunter,* 79 Ala. 379. It was competent to show what decedent said to the justice of the peace with reference to the deeds when they were prepared and what the justice said to him.— *Napier v. Elliott,* 146 Ala. 213; *Fitzpatrick v. Brigman,* 133 Ala. 241; *Badders v. Davis,* 88 Ala. 372; *McLemore v. Pinkston,* 138 Ala. 614; 139 Ala. 489; 140 Ala. 29; Id. 103. The court improperly denied defendant the right to show that plaintiff took a package of papers out of decedent's trunk on the day he died and placed them in her bosom.

REID & HILL, for appellee.—No brief came to the Reporter.

DOWDELL, J.—The principal question in this case is whether the deeds introduced in evidence by the plaintiff were ever delivered by the grantor. The plaintiff and defendants were children of the alleged grantor. The plaintiff claimed title to the land in question under deeds offered in evidence. The defendants claimed as heirs. When this case was here on a former appeal (146 Ala. 213, 40 South. 752) the law governing the question of delivery was then stated, and we refer to what was then said as applicable on the present appeal.

As relevant and bearing on the question of delivery of the deeds, it was competent to show . by the witness Napier, a justice of the peace who prepared the deeds and took the acknowledgement, all that was said and done at the time of the signing of the same by the grantor, as well as what was then said by the witness to the grantor relative to the making of the deeds.—*Napier v. Elliott, supra; Fitzpatrick v. Brigman,* 133 Ala. 242, 31 South. 940.

It was error to permit the plaintiff as a witness in her own behalf, against the objections of the defendants, to testify as to conversations and transactions between the witness and the deceased Joseph Hughes, the maker of the deeds offered in evidence, relative to the execution and delivery of the same.—Code 1896, § 1794; *Boykin v. Smith,* 65 Ala. 295; *Dismukes v. Tolson,* 67 Ala. 386; *Bibb v. Hunter,* 79 Ala. 351; *Miller v. Cannon & Co.,* 84 Ala. 59, 4 South. 204.

It was competent to prove by the witness Joiner that on the day of the death of Joseph Hughes, he (witness) saw the plaintiff go to the trunk of Joseph Hughes and take out a package of papers and place the same in her bosom. This was a competent circumstance to go to the jury in rebuttal of the plaintiff's testimony as to how she came in possession of the deeds, and also as affecting the question of a delivery of the deeds.

[McEntyre v. Hairston.]

For the errors indicated, the judgment is reversed, and the cause will be remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.