# Napier, *et al. v.* Elliot.

## *Ejectment.*

### (Dcided June 15, 1909.   50 South. 149.)

1. *Deeds; Delivery.*—The question being whether the deed was ever delivered or not, and there being some evidence that. the purpose of the grantor in making the deed was to evade his creditors, and that at the time he was advised that the making of the deed and having the same recorded himself would not constitute a delivery, it was competent to show that at the time of the making of the deed in controversy, the grantor made other deeds to other persons, to all the lands he had and that such other deeds were not delivered, as such evidence tended to negative an intention on his part to deliver the deeds.

2. *Same.*—On the issue of whether or not the deed had been delivered it was not competent to show that after the making of the deed, the grantee's husband endeavored to rent the lands from the grantor or that the grantor prepared a deed for a part of the land to the husband of the grantee, as the acts of the husband could not prejudice the rights of the grantee.

3. *Evidence; Declaration.*—Declarations made by a grantor several years after the making of the deed. were not competent as evidence of his intention at that time as to a delivery of the deed.

4. *Appeal and Error; Harmless Error; Admission of Evidence.*— Where the deed itself is introduced in evidence and bore endorsements of having been filed and recorded in the probate office, if it was error to permit evidence that after the deed was signed it was sent to the probate office to be recorded and was recorded, such error was harmless.

5. *Same.*—Where the plaintiff had already testified without objection that she had the deeds in her possession when she moved and that she carried them with her, it was harmless error to overrule objection to question as to who had these deeds when plaintiff moved to another place, and as to the deeds being in her possession.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by Minnie Elliott against P. E. Napier and others.   Judgment for plaintiff and defendants appeal. Reversed and remanded.

ESPY & FARMER, for appellant.   The court erred in permitting the plaintiff to testify that after the deed

9—162.

from her father to her had been signed it was sent to
Geneva county to the probate office to be recorded and
was recorded; also in permitting her to testify that she
had possession of the deeds and carried them to Florida
and kept them until she delivered them to Josiah
Hughes after the death of her father; also in permitting
her to testify that the deeds came into her possession.
These were statements as to transactions with
her father who was at the time dead.—*Elliott
v. Napier,* 44 South. 552; *Miller v. Kennon,* 84
Ala. 59; *Bibb v. Hunter,* 79 Ala. 351; *Dismukes
v. Tolson,* 67 Ala. 386. The defendant should
have been allowed to show by the plaintiff that
her husband rented a portion of the land from the grant-
or after the execution of her deed. The declarations of
Hughes made shortly before he died that he had been
hunting his deeds and that Minnie Elliott and Robert
Hughes had stolen them and carried them to Florida,
should have been admitted.—*Scheiffelin v. Scheiffelin,*
127 Ala. 35; *Law v. Law,* 83 Ala. 432. The evidence of
the making and non-delivery of other deeds at the same
time for the purpose of avoiding claims of creditors
should have been admitted on the question of intention
to deliver.—*Elliott v. Napier,* 146 Ala. 213; s. c. 44
South. 562; *Fitzpatrick v. Brigman,* 133 Ala. 242; *Bad-
ders v. Davis,* 88 Ala. 373; *McLemore v. Pinkston,* 31
Ala. 269; *Law v. Law, supra; Moses v. Katzenberger,*
84 Ala. 95; *Bragg v. Massey,* 38 Ala. 89.

ERNEST H. HILL, for appellee. No brief came to the
Reporter.

DOWDELL, C. J.—This cause comes here on appeal
for the third time.—*Napier v. Elliott,* 146 Ala. 213, 40
South. 752, 119 Am. St. Rep. 17; *Napier v. Elliott,* 152
South. 552, 44 South. 552. The issue has been the same

on each trial; and that is, whether the deed in question was ever delivered. The assignments of error relate solely to the rulings of the court on the admission and rejection of evidence.

On the first appeal (146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17) it was said by this court, speaking through Denson, J.: "It is settled law that the fact of delivery rests in intention, and it is to be collected from all the acts and declarations of the parties having relation to it"—citing authorities. As a circumstance bearing upon the question of intention as to the delivery of the deed, it was competent for the defendant to show that at the time of the making of the deed, and contemporaneous therewith, the grantor made two other deeds to Lem Walden and Josiah Hughes embracing all the lands the grantor had left after the deeds to the plaintiff and her mother, and the further fact that the deeds to Walden and Hughes were never delivered. This evidence when taken in connection with other evidence as to the purpose of the grantor in the making of the deeds to evade his creditors, and that he was at the time advised that the making of the deeds and the placing of the same himself on record would not constitute a delivery, actual delivery of plaintiff's deed being a disputed fact, was both competent and relevant as tending to negative the grantor's intention of delivery of plaintiff's deed. The weight of it, however, and as to whether, in connection with all of the evidence in the case, it was sufficient to negative such intention, was a question for the jury. The trial court erred in not admitting the evidence.

Evidence as to statements and declarations made by the grantor several years after the making of the deed to the plaintiff was not competent to show the intention of the grantor at the time the deed was made. The cases of *Scheiffelin v. Scheiffelin*, 127 Ala. 35, 28 South. 687,

and *Law v. Law,* 83 Ala. 432, 3 South. 752, cited and relied on by counsel for appellant, were contested will cases. Wills never take effect until after the death of the testator, and any act of the testator in connection with his will accompanied by a declaration would be competent in evidence as to, the question of intention. Here the proposed evidence related to a past and completed transaction. If the grantor were living, it would not be competent for him to testify as to what were his intentions at the time. He could only testify as to what was done and said by him at the time of the making of the deed illustrative of his intention as to a delivery. We do not regard the cited cases as being applicable here.

The conduct of plaintiff's husband subsequent to the making of the deed in trying to rent the land embraced in the deed from the grantor was not competent in evidence for any purpose against the plaintiff. She could not be prejudiced by the acts and conduct of her husband in respect to her title to the land. The same is true as to the proposed evidence to show that Josiah Hughes prepared a deed to plaintiff's husband of 40 acres of the land embraced in the plaintiff's deed. The court properly excluded this evidence on plaintiff's objection.

The deed itself, which was introduced in evidence, had on it the indorsements of filing and record in the office of the probate judge, and hence, if that was any error in permitting the plaintiff to testify "that, after the signing of said deed, it was sent to Geneva county to the probate office to be recorded and was so recorded," it was harmless error. The witness stated nothing more than what was shown by the indorsements on the deed.

There was no reversible error committed in overruling the defendant's objections to the questions to the plain-

tiff as a witness: "Who had the deeds when you moved to Florida?" "Did this deed come into your possession?" The witness had already testified without objection that she had the deeds in her possession when she moved to Florida and carried them with her.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.