# Napier, *et al. v.* Elliott.

## *Ejectment.*

(Decided April 18, 1912. 58 South. 435.)

1. *Deeds; Delivery; Evidence.*—Under section 3374, Code 1907, duly acknowledged deeds bearing on their faces the certificates of their registration, signed by the probate judge, were properly ad-mitted in an action of ejectment as prima facie evidence of their due delivery to or for the grantee named.

[Napier, et al. v. Elliott.]

2. *Same.*—Evidence of a grantee's possession of a deed with the knowledge and tacit permission of the grantor is relevant on the question of intention of the grantor as to delivery.

3. *Same; Presumption.*—The possession of a deed by a grantee named therein is presumptive evidence of a delivery by the grantor.

4. *Same.*—It was competent to show that when a grantor handed a deed to a third person, he instructed him to place the same on record, on the issue as to whether the grantor intended to deliver the deeds.

5. *Same.*—Where the action was ejectment, and the issue was, as to the delivery of deeds under which plaintiff claimed, it was competent for plaintiff's husband, to whom the deeds were delivered for record, to testify that he kept the deeds after he had put them on the record, with the knowledge of the grantor, as tending to show that the grantor had delivered them to the witness for the benefit of his wife and daughter rather than for some private or temporary purpose of his own.

6. *Same.*—In ejectment on the issue as to the delivery of the deeds to the grantee, evidence that on certain occasions plaintiff had not claimed the land in suit, was properly excluded, as plaintiff was under no obligation to make such a claim, and her silence could not be considered as an admission against interest.

7. *Same.*—Where the issue was as to the delivery to plaintiff of certain deeds to the land in suit, an agreement between the widow and heirs relating to the personalty of deceased grantor was not relevant.

8. *Same.*—Where the statement was made subsequent to the execution and prior to the alleged delivery of the deed, a statement of the grantor in certain deeds to the effect that he had searched for the deed, and could not find them, was not admissible, the action being ejectment, and the issue being the delivery of the deed.

9. *Witnesses; Competency; Transactions With Decedent.*—Where the action was ejectment, and the issue was as to the delivery of certain deeds to plaintiff by her deceased father, plaintiff being the grantee in one, and her deceased mother being the grantee in the other, plaintiff was properly permitted to testify that she had possession of the deed with the grantor's knowledge, and also as to the time of their receipt, against the objection that such evidence related to a transaction with her deceased father, plaintiff claiming in her own right and as heir of her deceased mother.

10. *Same.*—Where plaintiff had testified on direct examination to her possession of deeds executed by a deceased grantor, and as to the time when she got them, it was open to defendant on cross-examination to show if he could that such transaction related to transactions with the deceased grantor.

11. *Same.*—Where it appeared that plaintiff received the deed from her husband who had previously received them from the grantor, testimony of the plaintiff as to her possession of deeds under which she claimed as evidence of delivery by the grantor was not improperly admitted as a transaction with a deceased person.

[Napier, et al. v. Elliott.]

12. *Same.*—Under section 4007, Code 1907, a husband of a plaintiff in ejectment, not being a party to the suit, was properly permitted to testify as to acts of the deceased grantor tending to show an intention to deliver the deeds to the grantee, on the issue of delivery of such deed.

13. *Same; Contradiction; Inconsistent Act.*—The fact that plaintiff's husband, who had testified that the deeds had been delivered to him for record, had dealt with the land as the property of deceased grantor before the deeds were delivered to him, had no tendency to impeach him, and hence was properly excluded.

14. *Appeal and Error; Harmless Error; Evidence.*—Where the plaintiff stated without objection that she never did claim the land at all until she brought this suit, the defendant cannot complain of a refusal to permit a witness to state whether or not at a certain time, plaintiff claimed the land.

15. *Same; Review; Documentary.*—Where a judgment in ejectment corresponded with the verdict, and no question was raised on the trial of a non-correspondence, this court will not on appeal examine it to determine whether or not the description was the same as in the deed under which plaintiff claimed.

16. *Witnesses; Competency; Transaction With Deceased.*—Under section 4007, Code 1907, in an action of ejectment on the issue as to the delivery of certain deeds, a son of deceased grantor could not testify that his stepmother who was also deceased, handed him the deed after his father's death, saying that he should take them, as he knew what they were for, although he was not a party to the suit, where the defeat of the plaintiff's claim would result to his pecuniary advantage as a co-tenant of defendant.

17. *Evidence; Res Inter Alios Acta.*—Where the action was ejectment and the issue was the effectual delivery of the deed to the plaintiff-grantee, a statement of deceased widow of the grantor, when she gave the deeds to her stepson, that he should take them as he knew what they were for, was res inter alios acta, and inadmissible.

18. *Same; Opinion.*—A witness cannot be permitted to testify whether at two specified times a plaintiff was claiming the land in suit, as it would be but the statement of a conclusion.

19. *Same; Parol to Vary Writing.*—Where there was an agreement between the heirs and the widow to put the "things" up at auction, and let the heirs purchase such as they desired, and that they would not bid against each other, but would give a fair price for each "article" bought, the person who drafted the agreement could not give evidence that the parties intended by "things" and "articles" to include real estate.

20. *Same; Hearsay.*—While statements of a deceased are admissible against him and his successors in interest, they are not admissible in favor of his successors to show non delivery of a deed in which he was grantor, where the action was ejectment, and the delivery an issue, as it would then be hearsay.

21. *Same; Admissions.*—Where the action was ejectment and the issue was as to the delivery of the deeds by the grantor to or for

the plaintiff, the testimony of a person, who had leased the timber on the land, that when he went to the grantor to make the lease, he was sent to plaintiff and her husband, the grantor telling him that they had the deeds, and that he then went to them and found the deeds in their possession, was admissible as an admission against interest showing possession of the deeds in the plaintiff with the knowledge and approval of the grantor.

22. *Same; Hearsay.*—Testimony of a witness for the defendant as to whether he had a conversation with the grantor about a month before he made the deed, was irrelevant in the absence of any indication of the subject matter of the conversation, and as such matter was not shown to be a part of the res gestæ, it was also objectionable as hearsay.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Statutory ejectment by Minnie Elliott against B. E. Napier and others. Judgments for plaintiff, and defendants appeal. Affirmed.

ESPEY & FARMER, for appellant. Before a deed can become effective to pass title, it must have been delivered.—4 Enc. of Evid. 157. The court erred in permitting plaintiff to testify that she had possession of the deed from her grantor.—*Napier v. Elliott,* 152 Ala. 552. This was objectionable also because the witness was incompetent. A husband was equally incompetent to testify as to when he received the deed, and as to what instructions he had about them from the grantor.—*Boykin v. Smith,* 65 Ala. 294. The acts of the parties in relation to land at the time of and subsequent to the execution of the deed was competent evidence, not only as to the delivery, but also as to its acceptance.—2 Enc. of Evid. 61; 23 Am. St. Rep. 468. It is always permissible to show what was said and done between the parties to a transaction at the time of the transaction.—*LaFayette R. Co. v. Tucker,* 124 Ala. 579; *Bank of Guntersville v. Webb,* 108 Ala. 136; *Rich v. McInnery,* 103 Ala. 356; *Ford v. State,* 129 Ala. 16; *Davis v. Badders,* 88

[Napier, et al. v. Elliott.]

Ala. 367. Counsel discuss other matters assigned, but without citation of authority.

COLEMAN, DENT & WEIL, and ERNEST H. HILL, for appellee. The recording of a deed in the office of the judge of probate within the time required by law, and the certificate of the judge showing its recording, is prima facie evidence of its delivery sufficient to justify its introduction in evidence.—*Alexander v. Alexander*, 71 Ala. 295; *Elsberry v. Boykin*, 65 Ala. 336; *Napier v. Elliott*, 146 Ala. 213. The objections to the evidence on the ground that the witnesses were incompetent under section 4007, Code 1907, were properly overruled.—*Hill v. Helton*, 80 Ala. 528; *Morrisette v. Carr*, 118 Ala. 585. The witness Eliott was not incompetent by reason of relationship to testify as the court permitted him to do.— *Henderson v. Brunson*, 141 Ala. 674; *Napier v. Elliott*, 50 South. 148. The court was not in error in excluding evidence as to when plaintiff first claimed the land.— *Ashford v. Ashford*, 136 Ala. 631. In any event, it was harmless as plaintiff had stated when she first claimed the land.—*McClendon v. Rice*, 119 Ala. 513; *Walker's Case*, 91 Ala. 76. The contract was the best evidence as to the agreement between the widow and the heirs and the court properly declined to permit the witness to state what "things" and "articles" were referred to therein.—*Bennett v. Hubbard*, 1 Minor 270; *Foster v. Stafford*, 14 Ala. 714; *Powell v. State*, 84 Ala. 444. Contracts in writing must be construed by the court and not by the jury.—*Powell v. State, supra; Wellman v. Jones*, 124 Ala. 580; 9 Cyc. 578. The court propely excluded the testimony of Hughes as to the transaction between him and his stepmother, and as to what she told him about the deeds.—*Jones v. Rodgers*, 98 Ala. 448; *Warren v. Wagner*, 75 Ala. 180. He was also within the rule

declared in Sec. 4007, Code 1907.—*Napier v. Elliott,* 152 Ala. 248. Admissions against interest are always admissible, especially by a party in possession.—*Moore v. Crossthwaite,* 125 Ala. 272. No question was raised in the trial court as to the correspondence between the judgment and verdict.—*Abney v. Carter,* 3 Ala. 715; *Gilliland v. Dunn,* 136 Ala. 327; *Drake v. Johnson,* 50 Ala. 1.

SOMERVILLE, J.—The action is statutory ejectment, and this is the fourth appeal from successive judgments for the plaintiff in the trial court.—*Napier v. Elliott,* 146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17; s. c., 152 Ala. 248, 44 South. 552; s. c., 162 Ala. 129, 50 South. 148. Plaintiff claims title through two deeds made by her father, Joseph Hughes, in November, 1895, one directly to plaintiff, and the other to her deceased mother, of whom she is the only child and heir. Defendants claim title as the children and the heirs of said Joseph Hughes. The only issue presented on the trial was as to the delivery vel non of the two deeds by said Joseph Hughes in his lifetime.

The assignments of error relate to rulings of the trial court on the admission and rejection of evidence.

1. The deeds in question were duly acknowledged and bore on their faces the certificates of their registration signed by the probate judge. This was prima facie evidence of their due delivery to or for the grantees named, as many times decided by this Court.—Code, § 3374; *Napier v. Elliott,* 146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17. They were properly admitted.

2. Plaintiff was properly permitted to testify to the fact that she had had possession of the deeds, and the time when she got them; this being prima facie evidence of delivery to her by the grantor. And, if with

his knowledge and tacit permission, it would be relevant to explain his intention as to delivery. It does not appear that this testimony related in any way to a transaction with her deceased father. It was open to defendants to show such a relation by cross-examination of the witness, whereupon their objection on this ground would doubtless have been appropriate.—*Morrisett v. Carr*, 118 Ala. 585, 23 South. 795. But, on the contrary, it appeared later that she received the deeds from her husband, who had previously received them from the grantor.

3. Plaintiff's husband, Elliott, was properly allowed to testify that at the time he received the deeds from the grantor, in 1899, the latter instructed him to place the deeds on record. This instruction thus given was a part of the act of delivery relied on by plaintiff, and was competent evidence of the grantor's intention with respect thereto. The witness was not a party to the suit, and, although he was the husband of plaintiff, he was not thereby disqualified by the statute (Code, § 4007) from testifying as to the transactions with or statements by the deceased grantor.—*Henderson v. Brunson*, 141 Ala. 674, 37 South. 549; *Harraway v. Harraway*, 136 Ala. 499, 34 South. 836.

4. There was no valid objection to the testimony of this witness Eliott that he kept the deeds after he had put them on record. His continued custody of them. especially with the knowledge of the grantor, was relevant to the conclusion that the grantor had delivered them to him for the benefit of his wife and daughter, rather than for some private and temporary purpose of his own. And it was competent to thereby rebut the counter inference that the jury might have drawn had the deeds been returned to the grantor.

5.  The fact that this witness bought or dealt with 40 acres of the land in question as the property of the grantor in 1898, *before* the deeds were delivered to him by the grantor, had no possible tendency to contradict or impugn his testimony as a witness; and for no other purpose could that conduct be placed in evidence.— *Napier v. Elliott*, 162 Ala. 129, 50 South. 148. Hence it was very properly excluded.

6.  It was not competent for defendants' witness Mrs. Baxley to state whether or not, at the two times specified, plaintiff was claiming the land, since it would have been but a conclusion on her part.—*Ashford v. Ashford*, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82.

If it be contended that these questions called for a negation of any actually spoken claim by plaintiff on those occasions, the answer is that the circumstances did not impose upon her the duty of then making such a claim, if indeed its omission was not in accord with a truer sense of decorum. Her silence admitted nothing, and could not be considered by the jury.

But the rejection of these questions could not be complained of in any case, for the witness thereafter stated, without objection from plaintiff, that "plaintiff never did claim the land at all until she brought this suit."

7.  The widow and heirs of Joseph Hughes, including plaintiff and defendants, entered into a written agreement as follows:  "That we will put the things at auction and let the heirs bid off such as they want, with the further agreement that we will not bid against each other, but will give a fair price for each article bought." "Things" and "articles" refer to chattels, and not by any possibility to real estate. The court properly refused to allow defendants' witness McKay, who drafted the agreement, to testify that this agreement included

the *real estate,* and properly rejected the agreement itself as being wholly irrelevant to the issue.

8. Defendants' witness Josiah Hughes, a son of the grantor, testified that his stepmother, Nancy Hughes, gave him the deeds just after his father's death in 1901, telling him to "take them, as he knew what they were for." On motion of plaintiff, this statement of Mrs. Hughes was excluded, and there was no error in this. The estate of Mrs. Hughes was directly concerned, to the extent of the land conveyed to her; and, although the witness was not a party to the suit, the invalidation of these deeds and the defeat of plaintiff's suit was none the less to his pecuniary advantage as a cotenant of defendants. Hence the witness came directly within the ban of the statute (Code, § 4007), and could not testify as to statements by the deceased Mrs. Hughes.

Of course, this objection would not apply in so far as the deed to plaintiff was concerned; but, as to that deed, her statement was res inter alios acta, and not admissible as against plaintiff, who was in no way bound by it.

9. Whether at some undefined time after the execution of the deeds in 1895, the grantor was heard to say that he had searched for the deeds and could not find them, cannot be regarded as material to the question of an alleged delivery of the deeds in 1899. To be relevant, the time of the alleged search must at least have been placed later than such delivery. But, whenever made, we think it was not material; and also that it was but hearsay, and not admissible under any exception to the hearsay rule. He might thus make evidence *against* himself or his successors in interest, but not *in favor of either.*

10. Whether defendants' witness Sanders "had a conversation" with the grantor about a month before he made the deeds was wholly irrelevant in the absence of

any indication as to the subject-matter of the conversation. For excluding such a question, the trial court cannot be put in error.—*Phoenix Ins. Co. v. Moog,* 78 Ala. 284, 308, 56 Am. Rep. 31. And, in any case, not being part of the res gestae, it was objectionable as hearsay.

11. Plaintiff's witness Rogers was allowed to testify that, when he leased some timber on the land for turpentine purposes, in 1899 or 1900, he went to the grantor to make the lease and get the numbers, and the grantor told him he "would have to go to Bob and Minnie, as they had the deeds." This declaration of the grantor was clearly competent as an admission against his interest. It showed, also, that plaintiff and her husband then had the lawful possession of the deeds with the knowledge and approval of the grantor—which fact was of the very essence of the issue, for the witness stated that he then went to Bob and Minnie Elliott and found the deeds in their possession.

12. The judgment in the court below, following the verdict, was for all the land sued for. It is now urged in this court that the judgment was erroneous in that plaintiff's deed described, not all of a certain 40, but all of the 40 "on the east side" of a certain road. It may be remarked in passing that there is nothing in the record to show that the road mentioned is not the western boundary of the 40, or that the entire 40 is not to the east of the road, and hence the verdict and judgment are not shown to be excessive or erroneous. But, apart from this consideration, the judgment necessarily followed the verdict, and defendants cannot raise such a question for the first time in this court. It should have been raised in the trial court in some way, as by a request for instructions to the jury limiting the recovery to the proof, or by motion to set aside the verdict and

[Singleton, et al. v. Jackson.]

grant a new trial.—*Drake v. Johnston,* 50 Ala. 1; *Sampson v. State,* 54 Ala. 241; *Gilliland v. Dunn,* 136 Ala. 327, 34 South. 25.

We find no error in the record, and the judgment will be affirmed.

Affirmed.    All the Justices concur.