(90 South. 345)

**G. W. & C. T. CHERRY v. VIRGINIA–CAROLINA CHEMICAL CO.**
**(3 Div. 528.)**

(Supreme Court of Alabama.   Oct. 20, 1921.)

**1. Witnesses ⬥257—Memoranda used to refresh memory not evidence when witness testified independently.**

Though a witness was asked to use two statements as memoranda to refresh his memory, where he used them merely to refresh his memory and testified independently of the memoranda, they were not evidence in the case.

**2. Appeal and error ⬥690(4)—No reversal for admission of copies of letters not set out in the record so as to show prejudice.**

Under Supreme Court rule 45 (61 South. ix [2]) and amended circuit court rule 32, a judgment will not be reversed because of the admission of a carbon copy of certain letters where such copies are not set out in the record, and it does not appear that the evidence was probably injurious to defendants.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Action by the Virginia–Carolina Chemical Company, a corporation, against G. W. & C. T. Cherry on the common counts. Judgment for the plaintiff, and the defendants appeal. Transferred from the Court of Appeals under section 6 of the Acts of 1911, p. 450. Affirmed.

W. T. Mullin was bookkeeper for the Virginia–Carolina Chemical Company, and, being put upon the stand, was asked the following questions:

"Mr. Mullin, from these two statements can you testify here as to the balance of the defendants due to the Virginia–Carolina Chemical Company; using these statements to refresh your recollection, can you testify to the amount due them?"

Objection was interposed, overruled, and the witness proceeded to give the items by years, with interest and then the total.

Ballard & Jones and Gipson & Booth, all of Prattville, for appellants.

The court erred in permitting the question to the witness Mullin. 67 Ala. 386; 90 Ala.

148, 7 South. 919; 63 Ala. 498, 35 Am. Rep. 54; 97 Ala. 621, 12 South. 59. Court erred in allowing carbon copies of the letter to be read to the jury. 103 Ala. 203, 15 South. 567; 13 A. & E. Enc. of Law, 261; 21 Id. 984.

Alexander & Tucker, of Prattville, for appellee.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1] The testimony of the witness Mullin, the plaintiff's bookkeeper, as to the balance due the plaintiff, was in no sense illegal, incompetent, or irrelevant, or subject to any of the defendants' grounds of objection assigned thereto, and the source of his information was a matter that could have been tested upon cross-examination, and, if it disclosed that his testimony was based upon improper facts or data, then an objection or motion to exclude should have been made. True, the witness was asked to use two statements as memoranda to refresh his memory, but he seems to have testified independently of the memoranda, having used the same merely to refresh his memory, and this did not make the said memoranda evidence in this case, and it does not appear to have been introduced. Singleton v. Smith, 184 Ala. 201, 63 South. 949. Nor was there objection to the nature or character of the memoranda or to the use of same by the witness. The case of Dismukes v. Tolson, 67 Ala. 386, and other cases cited by the appellants' counsel are therefore inapt.

[2] The trial court cannot be reversed for permitting the plaintiff to introduce a carbon copy of the letters written to the defendants, as it does not appear that this evidence was probably injurious to the defendants, as said copies are not set out in the record, and, from aught that appears, the contents of same may have been merely collateral to the issue or may have been favorable to the defendant. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix) amended circuit court rule 32.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.