154 So. 115

### STRANGE et al. v. KING et al.
### 8 Div. 527.

Supreme Court of Alabama.
April 12, 1934.

Street & Bradford, of Guntersville, for appellants.

Claud D. Scruggs, of Guntersville, for appellees.

Brief did not reach the Reporter.

BROWN, Justice.

The original bill is by Martha King, individually and as the administratrix of the estate of John M. Strange, deceased, against all the other heirs at law of said John M. Strange, one of whom is William Jesse Strange, Oliver Gardner, a mortgagee of John M. Strange, and O. D. Street and W. R. Bradford, mortgagees of William Jesse Strange, for the removal of the administration of the estate from the probate court of Marshall county into the circuit court, in equity, for further administration, for the sale of the property of the estate for the payment of debts, and for distribution among the heirs, and to determine and adjust all equities between the parties, and for general relief.

The bill alleges that William J. Strange is in possession of the lands belonging to the estate, claiming them under a deed executed by John M. Strange and wife to him, which was not delivered during the lifetime of John M. Strange. The bill was verified by the oath of the complainant, and upon its filing with the register the court entered an order removing the administration of the estate into the circuit court.

Gardner answered, admitting the allegations of the original bill, and making his answer a cross-bill, alleging that the mortgage which he holds on the lands was given by John M. Strange and his wife for money loaned by the mortgagee to them, and that there is a balance due on the mortgage debt of $500.

William J. Strange, W. R. Bradford, and O. D. Street are made parties defendant to the cross-bill. William J. Strange demurred to the original bill, for want of equity, multifariousness, adequate remedy at law, and because it appears that the respondent, and not the complainant, is in possession of the lands. He demurred to the cross-bill for want of equity, and because its averments fail to show that said Gardner was a bona fide purchaser. The respondents Street and Bradford demurred to the original bill on all the grounds assigned by Strange and also for misjoinder.

The demurrers were overruled, and from that decree this appeal is prosecuted.

In these circumstances the circuit court, sitting in equity, after the order of removal was entered, obtained full jurisdiction to supervise the administration of the estate, and in the course of the administration to order the sale of the property of the estate, both real and personal, for the payment of the debts and for distribution, to determine all questions of title, and to remove all clouds upon the title, if any, of the lands, to apportion incumbrances, and adjust the equities affecting the same. Code 1923, § 9334; Dent et al. v. Foy et al., 206 Ala. 454, 90 So. 317;

Hinson v. Naugher et al., 207 Ala. 592, 93 So. 560.

The fact that the court acquired jurisdiction to a complete administration of the estate, differentiates this case from Price v. Hall, 226 Ala. 372, 147 So. 156, and other cases cited by appellant, to overturn the ruling on the demurrer to the original bill.

While as a general rule each pleading must stand or fall on its own averments, yet where, as in the case at bar, the answer to the original bill is made a cross-bill as authorized by the statute, Code, §§ 6550, 6551, and affirms the truth of the averments of the original bill, and in addition thereto sets forth other facts to sustain the claim of the cross-complainant to relief, on demurrer the averments of the original bill, the truth of which is admitted by the answer and cross-bill, will be treated as though set out in the cross-bill. The cross-bill in Shields v. Hightower, 214 Ala. 608 (Par. [8] of the opinion), 108 So. 525, 47 A. L. R. 506, was so treated. So treating the averments of the cross-bill of the respondent Gardner, it appears that the deed under which William J. Strange claims title to the lands was not delivered during the life of the decedent whose estate is being administered, and conferred on said William J. Strange no right or title to the property; that the mortgage of Gardner was given to secure a loan of money to the decedent, and was therefore superior to the claim of the mortgagees of William J. Strange.

The demurrers of appellants to the cross-bill of Gardner were properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.