168 So. 426

## SHERRILL et al. v. SANDLIN.

### 8 Div. 705.

Supreme Court of Alabama.

May 21, 1936.

Julian Harris and Norman W. Harris, both of Decatur, for appellants.

S. A. Lynne, of Decatur, for appellee.

THOMAS, Justice.

The error assigned is the giving of the general affirmative charge requested in writing by the plaintiff.

The complaint as amended was for statutory ejectment of the whole interest in and possession of the lands as described in the last amendment.

Appellee's only claim of title was by virtue of two tax sales, viz., on May 25, 1925, and June 16, 1924, at which Randolph Sandlin was the purchaser and which land he thereafter conveyed to appellee.

The suit was begun on February 16, 1935, more than ten years from the date of purchase.

Defendants pleaded the general issue and the statute of limitations. At the conclusion of the evidence, the court gave the

general affirmative charge at the request of the plaintiff, and refused the general affirmative charge requested by each defendant. The statute, section 3107 of the Code, and the construction thereof, under the undisputed evidence, indicate the error of the trial court in refusing defendants' general affirmative charge requested and giving such charge at the instance of plaintiff. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Capehart v. Guffey, 130 Ala. 425, 30 So. 390; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202; Morris v. Card, 223 Ala. 254, 135 So. 340.

A further reason why such charge should not have been given under the evidence is that defendant John Hall Sherrill was a tenant in common with plaintiff in the land sued for. And a redemption by one tenant in common of lands so jointly held inures to the benefit of all cotenants. Donnor v. Quartermas, 90 Ala. 164, 8 So. 715, 24 Am.St.Rep. 778; Sullivan v. Parker et al., 228 Ala. 397, 153 So. 858; Winsett et al. v. Winsett, 203 Ala. 373, 83 So. 117; Gilb et al. v. O'Neill et al., 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526. The evidence shows that John Hall Sherrill and his wife, Ella Sherrill, were living on the land when sold, and had not ousted or adversely held as to this other cotenant (Farr et al. v. Perkins et al., 173 Ala. 500, 55 So. 923); and as such joint tenants defendants were entitled to possession irrespective of the fact that the other cotenant (appellee's grantor) had acquired and sold his tax title to plaintiff (Childress v. Smith, 227 Ala. 435, 150 So. 334).

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.