170 So. 196

STAMEY et al. v. FORTNER et al.

7 Div. 396.

Supreme Court of Alabama.

Oct. 15, 1936.

134

Hugh A. Locke, of Birmingham, and Thos. W. Millican, of Fort Payne, for appellants.

Haralson & Son, of Cullman, for appellees.

BOULDIN, Justice.

On former appeal the decree sustaining demurrers to the bill, as theretofore amended, was affirmed. Stamey et al. v. Fortner et al., 230 Ala. 204, 160 So. 116.

Thereafter an amended bill was filed, designed to meet certain defects pointed out on the former appeal.

The present appeal is from a decree sustaining demurrers to the bill as last amended.

Dealing with the equity of this bill, in its several alternatives, we observe:

In substance, the amended bill avers that W. H. Fortner, an old man, whose estate consisted chiefly of lands, was sued in an action for damage in the sum of $10,000; that he was much disturbed because of such suit; that, with intent to shield his property from the threatened judgment in the pending suit, an intent to hinder, delay, and defraud the plaintiff in such action, he executed to his three sons contemporaneous deeds, conveying to them the whole of such landed estate.

These deeds, exhibited to the bill, convey to each of said sons in severalty a portion of such realty, with like covenants and conditions set forth in the granting and habendum clauses of the deeds, which appear in the reporter's statement of the case.

The damage suit failed.

The father died, leaving no substantial estate. This suit was then filed by a daughter and two granddaughters, children of a deceased daughter, seeking to cancel and set aside the deeds made to the sons, to the exclusion of the daughters of the grantor.

The aspect of the bill most stressed in argument here, as well as in the bill as amended, goes to the question of fraud as against the creditors of the grantor. It is charged that the sons participated in such fraud, advised with the father; that shielding the property from the threatened judgment was the purpose in view, and the grantor had no intent to thus disinherit his daughters.

It is too well settled to call for elaborate discussion that a deed in fraud of creditors is effective as between the parties; that neither the grantor, nor those claiming under and in privity with him, can assail such conveyance; that this includes his heirs at law. They are not third persons having rights in the property at the time of the grant. 10 Ala.Digest, page 655, Fraudulent Conveyances, § 172.

■ The bill in general terms charges fraud and undue influence in the procurement of the deeds, but the facts upon which such charge is based relate to fraud as against the creditor.

The bill makes no case of undue influence, substituting the will of the grantees for that of the grantor, a fraud upon him, whereby the grantees obtained an ante mortem division of the father's estate, testamentary in character, to the exclusion of the sisters, natural objects of his bounty.

Nothing in the deeds imports any purpose to reserve the rents upon the lands save during the life of the grantor, the same term fixed for his holding possession of the parcel occupied by him as a home. No trust for the benefit of all his children after his death anywhere appears. Hence the aspect of the bill seeking to cancel the deeds for failure to account for rents after the grantor's death, as well as that seeking an accounting for such rents, is without equity.

The bill does not allege that the sons owe the estate of the father for unpaid rents accrued prior to his death. If so, the duty of the administrator to collect and account for same can be enforced on settlement of the estate in the court where the administration is pending. It does not appear the administration has been removed to the court of equity.

There was no error in sustaining the demurrers to the bill as last amended. Let the decree be affirmed, and the bill stand dismissed as directed in the decree.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.