199 So. 828

**JOHNSON et al. v. STEPHENS et al.**

**5 Div. 328.**

Supreme Court of Alabama.

Jan. 16, 1941.

E. Herndon Glenn, of Opelika, and Leon L. Meadors and P. T. Hipp, both of La Grange, Ga., for appellees.

Chas. E. Fuller, Jr., of Lafayette, and Morrow & Bruce, of West Point, Ga., for appellants.

FOSTER, Justice.

The widow and some of the heirs of W. F. Johnson, Sr., file this bill to have a tax sale of the land declared to have been caused by him to one of his sons, W. F. Johnson, Jr., with the intent to defraud the widow, then his wife, in respect to a claim then made by her for alimony in a pending suit, as well as a fraud upon the other children as his heirs at law, and to have the land sold for division as belonging to all his heirs, including the widow's dower right.

The only question here involved is whether the bill is barred by limitations or laches as shown on its face.

▮ Insofar as they are concerned, the heirs of W. F. Johnson, Sr., have no standing at all in respect to the claim of fraud. The children of a land owner have no such interest in his land as to be injured by his dealings in respect to it effective during his life, such as were binding on him. Dearman v. Radcliffe, 5 Ala. 192; 16 Amer.Jur. 799, section 33; 12 R.C.L. 611.

▮ But his wife has a different status toward it, in respect to her dower. The bill does not allege that the transaction was an attempt to cut off her dower nor by express terms that such was its effect, but it alleges that it was intended to defraud her in respect to her alimony claim. No allegation is made that alimony was ever decreed her, nor the result of the litigation for divorce and alimony, other than the allegation that she continued to be his wife until his death. She is not therefore now in the attitude of a defrauded creditor. If she has any standing in court it is to enforce her dower rights. If the alleged tax sale was collusive, it did not serve to cut off her dower, and the purchaser at that tax sale will in equity be treated as a voluntary alienee of her husband under the influence of section 7450, Code. And she may have a dower right (not now decided), even though the tax sale was not collusive. Whether a tax sale of the land of her husband bars her right to dower has had much consideration by the courts. Many of them hold that if the tax sale statute provides for a sale of the *right, title and interest* of the husband, as our statute (Rev.Act of 1919, section 266; Gen.Acts of 1919, page 360, see, Gen.Acts 1933, Ex.Sess., page 130), the dower rights of the widow are not affected (19 Corpus Juris 521, section 177, note 98; 75 A.L.R. 430; 17 Amer.Jur. 745, notes 20–1), notwithstanding the revenue act, such as our (see Act of 1919, section 416, page 449) provides that the tax lien shall be superior to all other liens, since the inchoate right to dower is said not to be a lien. 75 A.L.R. 432: see case cited there of Shell v. Duncan, 31 S.C. 547, 10 S.E. 330, 5 L.R.A. 821. It is not necessary here to pass on that question, and we do not find where it has been done by this Court.

▮ A bill of this sort could well be framed to carve out her dower rights notwithstanding the sale alleged to have been in form a tax sale, which by collusion with the purchaser, was to defraud her of her rights either to support in his lifetime or to dower after his death. Such a bill is not barred within three years after the death of her husband. Section 7450, Code.

The only ground of demurrer which the court sustained related to the bar of limitations. This ruling did not take into consideration the nature of the widow's rights and the effect of section 7450, Code.

### Status of the Heirs.

▮ We will observe, though not involved in the court's ruling, that neither W. F. Johnson, Sr., in his lifetime, nor

his heirs at law after his death (not here referring to his widow in respect to her dower), may invoke the aid of equity to vacate a sale which he made or procured voluntarily, though collusively, to defraud others in the enforcement of their claims against him. Such others do not include his heirs or personal representatives. 10 Alabama Digest Fraudulent Conveyances, ⊕172, page 655; Stamey v. Fortner, 233 Ala. 133, 170 So. 196; Dearman v. Radcliffe, 5 Ala. 192—though as to the widow, it would be a voluntary conveyance under section 7450, Code.

But there are allegations in the bill which may in another aspect be treated as invoking the rights of Johnson, Sr., to the land on account of limitations extending after the tax sale while he was in possession. The sale occurred in 1931, and the tax deed was made in 1933, and he is alleged to have remained in possession exclusively claiming the land during that period, and until he died December 22, 1938. But at his death possession is alleged to have been acquired by the tax purchaser. If Johnson, Sr., remained in possession for three years after "the date when the purchaser became entitled to demand a deed" on account of his tax sale purchase, and if he during that time claimed the land exclusively and adversely to the rights of such purchaser, section 3107, Code, would protect him against the rights of the tax sale purchaser. Sherrill v. Sandlin, 232 Ala. 389, 168 So. 426. And if that right existed in him at the time of his death, it vested in his heirs at that time, and under such claim this suit is not barred by laches or limitations.

So that as a bill to enforce the dower rights of the widow under section 7450, Code, it was not barred in the three years limitation, since it was filed within three years after her husband's death.

As a claim that their ancestor acquired the title against the tax sale purchaser under the short statute of limitations after that sale, under section 3107, Code, it is not barred by any claim of laches or limitations. That section only operates against one out of possession during the three years. And such possession for three years after the date named serves to cut off the rights of those not in possession insofar as the title is concerned.

If there is any defect in the bill with respect to the assertion of that right, it is not now involved. It is clear that the bill undertakes to assert facts which are thought to invoke that right.

So that in either view in which the bill may be considered, it is not subject to the claim of laches or limitations. That is all that is here involved.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.