82 So.2d 222

**Lola HENSLEE**

v.

**Lester C. HENSLEE et al.**

6 Div. 480.

Supreme Court of Alabama.

Aug. 18, 1955.

Finis E. St. John and H. A. Entrekin, Cullman, for appellant.

John H. Chapman and A. L. Sapp, Cullman, for appellees.

GOODWYN, Justice.

This is a suit in equity seeking to have eighty acres of farm land located in Cullman County sold for division among the heirs at law of Mrs. Edna E. Henslee. All of the parties to the suit are children or grandchildren of Edna E. and J. C. Henslee, with the exception of Lola Henslee, joined as a party-respondent, who claims an interest in the property as the second wife and widow of J. C. Henslee. The bill of complaint also seeks a declaration that Lola Henslee has no such right, title, or interest in the property.

The respondent Lola Henslee answered the bill, praying that her answer be considered in the nature of a cross-bill, and denying that Edna E. Henslee was seized of the suit property at her death. She alleges that title to the land was vested in her husband, J. C. Henslee, at his death, and prays that the property be sold for division subject to her homestead and dower interests.

The court below entered a final decree granting the relief prayed for in the bill of complaint and dismissing the cross-bill. From this decree Lola Henslee takes this appeal.

In September, 1928, Edna E. and J. C. Henslee lived with their children on the farm which is the subject of this suit. The record title to the property rested in J. C. Henslee, who, under date of September 1, 1928, executed a deed purporting to convey it to Edna and reciting as a considera-

tion therefor, "$1.00 Love and Affection, & for the purpose of correcting a former deed, & in lieu of all my indebtedness to my wife."

It appears from the evidence that this deed was first acknowledged by the grantor before John W. Nuss, a Justice of the Peace of Cullman County, on September 15, 1928. The grantee, Edna Henslee, was present when the acknowledgment was taken.

On the same date, September 15, 1928, Edna Henslee made a deed purporting to reconvey the same property back to her husband, J. C. Henslee. This deed was acknowledged on that date before Adolphus L. Sapp, a notary public of Cullman County. The grantee, J. C. Henslee, was not present when the acknowledgment was taken.

Two days later, on September 17, 1928, the deed from J. C. to Edna was reacknowledged before S. J. Griffin, Judge of Probate of Cullman County, and, on that date, was filed for record under that acknowledgment. This second certificate of acknowledgment was pasted over, and partially obscured, the first certificate of John W. Nuss.

In August, 1930, Edna died intestate. J. C. continued to live on the place after his wife's death, and in 1932 married the respondent (appellant) Lola Henslee. On March 29, 1932, J. C., some months prior to his marriage to Lola, recorded Edna's deed purporting to reconvey the property to him. The property remained in his possession until his death in February, 1949, and is now in the possession of his widow, Lola Henslee.

## I.

Since appellees' right to relief is grounded upon Edna Henslee's title to the property, the first issue which must be determined is whether there was a valid delivery of the deed from J. C. to Edna.

"It may be regarded as settled in this state that when a paper purporting to be a deed is shown to have been signed by the grantor, to have been then acknowledged and duly certified by a proper officer, and recorded in the office of the judge of probate of the county in which the lands lie, and there is no other proof to weaken the force of these facts, this is sufficient proof of complete execution by delivery, although there is no direct proof of delivery. * * *" Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 613, 53 So. 812, 814.

From Skipper v. Holloway, 191 Ala. 190, 192, 67 So. 991, is the following:

"It is thoroughly well settled in this state that the mere filing of a deed for record by the grantor is prima facie a delivery of the deed to the grantee; and, if the deed is beneficial to the grantee, and imposes no burden upon him, his acceptance is presumed, even though he had, in fact, no knowledge of the existence of the deed."

Appellant seeks to rebut the presumption arising from the recordation of the instrument under two theories.

First, it is contended that the acknowledgment of S. J. Griffin, dated September 17, 1928, which is pasted to the instrument over the previous acknowledgment of John W. Nuss, is false and fraudulent and therefore void; that the deed having been recorded under a void acknowledgment, the effect is that there was no legal recordation of the instrument at all; and that it follows, therefore, that the presumption of delivery must fall.

The burden is on the party attacking an acknowledgment to show that it is insufficient under the law. Federal Land Bank of New Orleans v. Sutton, 248 Ala. 529, 534, 28 So.2d 553; Carroll v. Carroll, 236 Ala. 556, 558, 183 So. 857; Loyd v. Oates, 143 Ala. 231, 233, 38 So. 1022, 111 Am.St.Rep. 39. The certificate of a notary is presumptively correct, and the evidence necessary to impeach it must be clear and convincing. Lukes v. Alabama Power Co., 257 Ala. 590, 593, 60 So.2d 349. Appellant seeks to have the court find, by way of inference, that the Griffin certificate is

**290**

false and fraudulent, or "spurious", from the evidence that the deed had been acknowledged two days previously before John W. Nuss, and from the irregular appearance of the deed in that the Griffin certificate is pasted over the Nuss certificate. This evidence, although sufficient perhaps to create a suspicion as to the motive of the grantor, does not satisfy the degree of proof required of one who attacks the validity of an acknowledgment. Bailey v. McQueen, 253 Ala. 464, 467, 45 So.2d 295; Federal Land Bank of New Orleans v. Sutton, 248 Ala. 529, 534, 28 So.2d 553; Fies & Sons v. Lowery, 226 Ala. 329, 332, 147 So. 136. In the case of Freeman v. Blount, 172 Ala. 655, 664, 55 So. 293, 296, this court declared:

> "A regular certificate of acknowledgment to a deed, thereby forming 'a part of the deed,' will not be impeached for forgery or falsity in a case admitting evidence to impeach it, unless the evidence to that end is clear and convincing, 'reaching a high degree of certainty, leaving upon the mind no fair, just doubts'."

It is next contended by appellant that the deed was executed and recorded, not for the purpose of conveying the property to the grantee, but for the purpose of deceiving the grantor's judgment creditor.

In this connection, appellant points to evidence that on May 22, 1928, one C. B. Pope, Jr., suing by his next friend, C. B. Pope, Sr., filed a damage suit against J. C. Henslee for $5,000. On September 1, 1928, J. C. signed the deed conveying the suit property and certain personal property to his wife, Edna. On September 12, 1928, a judgment by consent in the amount of $100 was taken against J. C. and on September 15, 1928, he acknowledged the deed before John W. Nuss, and on the same day Edna made and acknowledged the deed purporting to reconvey the same property back to him. Two days later J. C. reacknowledged his deed to Edna before S. J. Griffin, the Judge of Probate, and filed the same for record under the second acknowledgment.

While this evidence may be indicative of an intent on the part of J. C. to place his property beyond the reach of his creditors, it is nevertheless a well established principle that a deed made to defraud creditors, which is fully executed by delivery, though void as to existing creditors of the grantor at the time of execution, is valid as between the parties, and the grantor and those claiming merely in succession to him are estopped from denying its validity. Webb v. Webb, 260 Ala. 426, 432, 70 So. 2d 639; Stamey v. Fortner, 233 Ala. 133, 134, 170 So. 196; First Nat. Bank of Birmingham v. Love, 232 Ala. 327, 337, 167 So. 703; Perkins v. Perkins, 206 Ala. 571, 572, 91 So. 256; King v. King, 61 Ala. 479, 482. The rule is thus stated in Stamey v. Fortner, supra [233 Ala. 133, 170 So. 197]:

> "It is too well settled to call for elaborate discussion that a deed in fraud of creditors is effective as between the parties; that neither the grantor, nor those claiming under and in privity with him, can assail such conveyance; that this includes his heirs at law. They are not third persons having rights in the property at the time of the grant. * * *"

The deed, if delivered, was delivered before any right of Lola Henslee, as second wife of the grantor, attached to the property. And, of course, since J. C., at the time of such delivery, was married to Edna it could not be said that the conveyance was intended as a fraud on Lola, who married J. C. some four years after the deed was executed and about two years after Edna's death. Therefore, Lola stands in no better position than the heirs or personal representatives of J. C. to question the validity of the deed on the ground that it was made in fraud of creditors. King v. King, supra; Code 1940, Tit. 34, § 40.

Applicable here is the following from Powell v. Powell, 217 Ala. 287, 288, 289, 116 So. 139, 140:

> "The record of the deed was prima facie evidence of delivery, but which,

of course, may be rebutted by proof tending to show that in fact no delivery was intended. Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Napier v. Elliott, 146 Ala. 213, 40 So. 752, 119 Am.St.Rep. 17; Napier v. Elliott, 177 Ala. 113, 58 So. 435; [Id.] 162 Ala. 129, 50 So. 148; Loring v. Grummon, 176 Ala. 236, 57 So. 818; Coulson v. Scott, 167 Ala. 606, 52 So. 436."

See, also, the following: Taylor v. O'Barr, 242 Ala. 302, 303, 6 So.2d 414; East v. Karter, 225 Ala. 556, 557, 144 So. 26; Stacey v. Taliaferro, 224 Ala. 488, 491, 140 So. 748. We do not find anything in the evidence sufficient to overcome the prima facie presumption of delivery. Rather than showing no delivery, it seems to us that the evidence tends strongly to show that J. C. intended that the instrument operate to convey title to Edna. For instance, during the years 1929 and 1930 the land was assessed for taxes in Edna's name. In April, 1929, she contracted to rent the land to her son-in-law. And after her death in 1930, the deed was found among her private possessions.

## II.

The next question before us is whether the deed, signed and acknowledged by Edna, purporting to reconvey the land to J. C. was delivered to him subsequent to delivery of his deed to Edna, and before Edna's death.

There is testimony to the effect that the deed from Edna to J C. was found among Edna's private papers immediately after her death. In such situation "the burden of proof is on the grantee to show such words or acts as clearly indicate delivery." Alford v. Henderson, 237 Ala. 27, 29, 185 So. 368, 369; Adams v. Logan, 260 Ala. 346, 349, 70 So.2d 786.

 We do not find evidence tending to support appellant's contention that the deed from Edna to J. C. was delivered to the grantee during Edna's lifetime. The evidence appears to be to the contrary. In addition to the above-noted fact that the deed was found among Edna's possessions after her death, there are the circumstances, also noted above, that the land was assessed for taxes in Edna's name for the years 1929 and 1930 and that she contracted to rent the land to her son-in-law Appellant can take no comfort in the fact that the deed was filed for record, since this was not done until two years after Edna's death. A deed not delivered during the lifetime of the grantor confers no title on the grantee. Strange v. King, 228 Ala. 511, 513, 154 So. 115. Hence, the recording of the deed after Edna's death raises no presumption of delivery of the deed to J. C.

It is insisted by appellant that the testimony of A. L. Sapp and Mrs. Alma Duke Henslee is incompetent because violative of the so-called "Dead Man's Statute", Code 1940, Tit. 7, § 433. Both testified to conversations they had with Edna bearing on the question of delivery of her deed to J. C. It is also insisted that Mr. Sapp was incompetent to testify with respect to his conversation with Edna because that conversation was a privileged communication between attorney and client. We see no necessity of discussing these points in view of our conclusion hereinafter stated.

 We are clear to the conclusion, after a careful consideration of all the competent evidence, that appellant has not met the burden of proof on the question of delivery of the deed from Edna Henslee to J. C. Henslee during Edna's lifetime. Therefore, the holding of the trial court that Edna died vested of title to the land, and that Lola Henslee, as J. C.'s widow, has no homestead or dower rights therein, is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.