EMBRY, Justice.
This is an appeal by Jeanean C. Taylor from the following judgment:
“JUDGMENT
“This is an action on the complaint by the co-administrators of the Estate of Ellis B. Calvert, Deceased, against the original defendant, Jeanean C. Taylor, to have a deed to 133 acres of land declared null and void. The defendant, Jeanean C. Taylor, the niece of the deceased, answered and by amended counterclaim asked for damages for improvements made on the property.
“The complaint was amended by the plaintiffs to bring in all of the heirs of the deceased, the brothers and sisters of the deceased and they have been aligned as party defendants, except M.E. Calvert is a plaintiff and one of the co-administrators.
“The court took testimony on September 20,1982 where the parties were represented by counsel, the Honorable Thomas A. Smith, Jr., for the plaintiffs, and the Honorable Steve Skipper of Skipper and Davis for the defendant, Miss Taylor. At the conclusion of the testimony, the attorneys agreed to furnish and have now furnished the Court with excellent briefs and the Court now considers all of the evidence along with its notes before making this decision. The Court also reserved the right to set the counterclaim of defendant Taylor down for hearing at some later time should the need arise.
“The evidence was that the deceased lived on the property in question, which was the old homestead of the Calverts, either in a house trailer or in the home and that he was deceased on December 19, 1980 as shown by plaintiff’s Exhibit 9, the certificate of death.
“The deed in question is plaintiff’s Exhibit 1 and the evidence was that the deed was prepared, signed by Mr. Calvert and executed by acknowledgment by the Honorable James R. Knight, the attorney for Mr. Calvert, in his office and it is dated January 22, 1975. The evidence by Mr. Knight was that Mr. Calvert was a single man at the time of the preparation and signing of the deed, that after it was executed the deed was delivered to Miss Taylor in the presence of Calvert and Knight and was then returned by her to Mr. Knight who placed the deed in Mr. Calvert’s file held by Mr. Knight as his attorney. Mr. Knight testified that he returned the deed to Miss Taylor on January 9, 1981. Mr. Knight did not recite that there were any words passed between Mr. Calvert, Miss Taylor or himself at the time of the execution of the deed, handing to Miss Taylor, and handing back to Mr. Knight of the deed. Mr. Knight further testified that plaintiff’s Exhibits 3, 4, 5, 7 and 8 were probably prepared by someone in his office and that he gave a title opinion for the bank on plaintiff’s Exhibits 7 and 8 and that Exhibits 7 and 8 had been satisfied at the time of trial, he being an attorney representing the bank.
“Plaintiff’s Exhibit 7 is a copy of a mortgage dated September 8, 1975, from the deceased to the First State Bank of Cull-man on the 133 acres involved.
*510 “Plaintiffs Exhibit 2 is a lease from the deceased to King Coal Company on 80 acres of the property involved here dated June 15, 1976.
“Plaintiff’s Exhibit 8 is a mortgage from the deceased to the First State Bank of Cullman on the property involved here and dated August 18, 1977.
“Plaintiffs Exhibit 6 is a warranty deed from the deceased to Elizabeth Quinn and husband, Wallace Quinn, dated the 14th day of December, 1978, to eight (8) acres of the property involved here.
“The plaintiff ask the Court to consider case No. CV 79-5005, an action pending in this Court by the deceased against Elizabeth Quinn and Wallace Quinn trying to recover the eight (8) acres originally conveyed to the Quinns by the Deceased for nonpayment on the indebtedness to him, and the Court has reviewed that file and takes judicial notice that it is of record in this Court.
“Plaintiffs Exhibit 5 is a deed from the deceased to C.W. Taylor and wife, Melba Taylor, concerning part of the property involved here.
“Plaintiffs Exhibit 4 is another deed from Ellis Calvert the deceased, to C.W. Taylor and wife, Melba Taylor, concerning sixteen and one-half (16½) acres of the property involved here.
“Plaintiffs Exhibit 3 is a deed from the deceased to C.W. Taylor dated October 10, 1980, concerning a portion of the property involved here.
“Plaintiffs Exhibit 10 is an affidavit to claim exemptions by Ellis B. and V. Calvert from the Revenue Commissioner’s office of Cullman County.
“Plaintiff’s Exhibit 11 is a tax receipt dated December 11,1980, where the property taxes had been paid on the property involved here, one hundred, twelve (12) acres of it, to Ellis B. and V. Calvert.
“The question for the Court to decide here was there delivery of the deed by the deceased to Miss Taylor in Mr. Knight’s office under the circumstances and with all of the evidence that we have here.
“The plaintiff in brief cited the Court the cases of Duncan vs. Johnson, ([Ala.] 1976) 338 So.2d 1243; Pittman vs. Pittman, (1946) 247 Ala. 458, 25 So.2d 26; and Strange vs. King, (1934) 228 Ala. 511, 154 So. 115.
“The defendant cited the Court the case of Lewis vs. Watson, (1892) 98 Ala. 479, 13 So.2d 570.
“The Court can eliminate from this case any escrow involved because there is no evidence that the deed was left with the attorney for the deceased for a condition to occur before the deed was delivered to the grantee or her agent as cited in Ashford vs. Prewitt, 102 Ala. 264, [14 So. 663] and a long list of cases cited under that authority.
“We are directed in Alford vs. Henderson, (1939) 237 Ala. 27, 185 So. 368:
“ ‘A deed is a muniment of title or a law made instrument for the passing of title to real estate, and it must be delivered before the death of the grantor.’
“We are directed by our case law that delivery of a deed is a matter of intention of the grantor, Fiscus vs. Young, (1942) 243 Ala. 39, 8 So.2d 514.
“This Court has worried about its equitable right to attack this deed and the intent of the grantor herein when the deed was made at the office of his attorney. Our search ended with the case of Frisbie vs. McCarty, (1831) 1 Stewart and Porter 55, wherein Justices Crenshaw and Collier of the Supreme Court of Alabama did superlative research on the question involved here and delineated many cases of the law of England plus the cases on point that had been decided in this country at that time. That case turns on whether Mr. White gave his daughter, Mrs. Frisbie, a slave by a deed that was delivered, the Court holding that there was never a delivery of the deed to the daughter. It appears that Justice Collier holds that this action will lie in equity. Justice Crenshaw holds for the first time to my knowledge in an Alabama Court:
“ ‘So long as the donor retained possession of the deed, without ever having delivered it, either to the donee, if capable of receiving it, or to some person for *511 his use and benefit, or into the proper office to be recorded, the gift is imperfect and the deed is void. It should be such a delivery as would deprive the donor of the power of revocation; for until then he reserves to himself the locus poeniten-tiae.’
“In addition to the cases cited by the plaintiff, the court cites also Alford vs. Henderson, (1939) 237 Ala. 27, 185 So. 368 and Alexander vs. Alexander, (1882) 71 Ala. 295, along with Johnson vs. Bridges, [Ala.] (1976) 333 So.2d 813.
“The Court holds from the evidence, and is reasonably satisfied therefrom, that the grantor did not deliver the deed in question to the grantee but retained the locus poeni-tentiae, which was not a mere custody but the right to withdraw from an incompleted transaction in this case. This is further evidenced by the lack of testimony concerning what occurred at the purported delivery in the office of the grantor’s- attorney, that the grantor gave warranty deeds to portions of the land, that the grantor mortgaged the property twice, the grantor sold mineral rights to eighty (80) acres of the property, and even filed suit against the Quinns concerning title to eight (8) acres of the property involved.
“IT IS THEREFORE ORDERED AND ADJUDGED THAT:
“1. The defendant’s Motion for Directed Verdict is denied.
“2. The Court holds from the evidence, and is reasonably satisfied from all the evidence, that the deed was not delivered by the grantor, or at his direction, to the grantee.
“3. Judgment is entered for the plaintiffs and against all the defendants and the deed to the described one hundred, thirty-three (133) acres will be cancelled of record and held void by the Clerk of this Court in the Office of the Probate Judge Book 359, Page 415, to the described property:
“The West half of the Southwest Quarter of Section 9, Township 12 South, Range 5 West, containing 80 acres, more or less. Also, the SE Quarter of the SE Quarter, less 5 acres in the SW corner, and less 12 acres off of the West side of the East half of the SE Quarter, being all that part lying and being West of Mill’s Branch and the NE Quarter of the SE Quarter, less 10 acres more or less, more particularly described as follows, to-wit: Beginning where the branch intersects the SW Corner of the SE Quarter of the NE Quarter of Section 8, Township 12, Range 5 West, thence following the meanderings of said branch in a southerly direction to the forks of the branch; thence following the right prong of said branch in a northeasterly direction to where same intersects the south boundary line of the SE Quarter of the NE Quarter of said section, Township and Range; thence in a westerly direction along the South boundary line of said SE Quarter of the NE Quarter to the point of beginning, all of the last described tract being in Section 8, Township 12, Range 5 West and containing 53 acres, more or less, in the East half of the SE Quarter of Section 8, Township 12 South, Range 5 West.
“The above described lands containing in the aggregate 133 acres, more or less.
“4. The counterclaim of Jeanean C. Taylor is still pending and may be set for trial on motion of either párty.
“5. The Court retains jurisdiction of this action on the counterclaim and to set costs when it is finally disposed.”
The facts are detailed in the judgment and we shall comment upon some of those in this opinion.
The parties agree that the issues are:
1. Whether the burden of proof is on the party claiming lack of delivery of a deed following proof of the proper execution and the manual transfer of possession from the grantor to the grantee of the deed.
2. Whether the trial court’s ruling that the grantor retained the right to withdraw delivery of the deed in question is contrary to the great weight of the evidence.
3. Whether statements made by grantee to a third party while transfer *512 ring possession of the deed are admissa-ble.
Issue number two is the dispositive one. We have read all the testimony and viewed all exhibits of record and after doing so would make the following comments. The finding by the trial court that “Mr. Knight who placed the deed in Mr. Calvert’s file held by Mr. Knight as his attorney” is based upon permissible inferences to be drawn from the testimony of Knight rather than the actual language used. The finding that “Mr. Knight did not recite that there were any words passed between Mr. Calvert, Miss Taylor or himself at the time of the execution of the deed, handing to Miss Taylor, and handing back to Mr. Knight of the deed” is accurate but does not reflect that there were no recitations because objections were sustained to questions seeking to elicit those recitations.
It is worthy of note that Miss Taylor did not testify in this case. Had she seen fit to do so, clearly questions about what was said by the parties to the transaction, as well as that stated to Knight, would not be objectionable. It follows that if the rulings sustaining objections to questions put to Knight about what one or the other of the parties stated to him were erroneous, then it would be erroi* without injury.
For the purposes of this decision we assume the burden of proof is on the party claiming lack of delivery under the facts of this case. The evidence of record is amply sufficient to support the trial court’s conclusion that the burden was met. The judgment is in nowise contrary to the weight of the evidence and correct principles of law were applied to the substantial weight of the evidence favoring appellees.
For thé reasons stated the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.