Warren S. Reese, Jr., appeals from the Montgomery County Circuit Court's grant of Lela G. Robinson's Rule 60(b), A.R.Civ.P., motion to set aside a final judgment that had quieted in Reese the title to land purchased at a tax sale in Montgomery County and its subsequent judgment awarding Robinson that property.
In May 1978, Reese purchased three lots of residential property at a public sale by the Montgomery County tax collector for taxes, costs, and expenses. At that time, the owner of the property was Lela G. Robinson, as reflected by county tax assessment records. In June 1981, Reese received an executed tax deed from the county probate judge, which stated that the time for redemption of the property by its owner, Robinson, had lapsed.
Reese filed a complaint to quiet title to the property on July 30, 1985; service attempted on Robinson was returned as "attempted — not known." The court ordered service by publication, and Reese published notice in a Montgomery newspaper of general circulation for four successive weeks, as required by Rule 4.3, A.R.Civ.P. A guardian ad litem was appointed by the court to represent any and all minors, persons of unsound mind, persons in the armed forces, and unknown heirs and parties. Judgment was entered on January 8, 1986, quieting title to the property in Reese; Robinson had not made an appearance.
On December 9, 1986, however, Robinson appeared and moved the court to set aside its judgment of January 8. She argued that Reese, as the purchaser at the tax sale, was not in "exclusive" possession and, therefore, had not been in actual adverse possession of the property, as required by Code 1975, §40-10-82, for the requisite period of three years so as to cut off her right of redemption. The court agreed and set aside its judgment quieting title in Reese. Reese appeals.
The only issue before this Court is the propriety of the order setting aside of the judgment quieting title in Reese. While we recognize that the decision to grant or deny a motion for relief from a judgment is within the discretion of the trial court, and that the standard of our review is whether the trial court abused its discretion, this discretion is not unbridled. Chambers County Comm'rs v. Walker,459 So.2d 861 (Ala. 1984). A strong presumption of correctness, however, attaches to the trial court's ruling on a Rule 60(b) motion. Ex parte Dowling, 477 So.2d 400 (Ala. 1985). *Page 400 
Code 1975, § 40-10-82, states that no action for the recovery of land sold for the payment of taxes "shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor."[1] Robinson successfully argued to the trial court that this Code section required that Reese, in order to cut off Robinson's right of redemption, possess the property exclusively and adversely for a three-year period, and that, according to undisputed evidence, he had not done so. Section40-10-82 has been construed as a "short" statute of limitations (Williams v. Mobil Oil Exploration Producing Southeast,Inc., 457 So.2d 962 (Ala. 1984)[2]), and does not begin to run until the purchaser of the property at a tax sale has become entitled to demand a deed to the land; and the tax purchaser is entitled to "quiet title" relief only after being in exclusive, adverse possession for the statutory three-year period. Gulf Land Co. v. Buzzelli, 501 So.2d 1211
(Ala. 1987).
Additionally, this limitations period has been held to bar an action by the tax purchaser to recover property sold for the payment of taxes, unless the tax purchaser brought the action within three years from the date he was entitled to demand a tax deed. Grayson v. Muckleroy, 220 Ala. 182,124 So. 217 (1929). Also, if the taxpayer/landowner has remained in possession of the property for three years after the date when the tax purchaser became entitled to demand a tax deed, this statute would vest title in the taxpayer/landowner and protect him from any action brought by the tax purchaser to recover the property. Johnson v. Stephens, 240 Ala. 419,199 So. 828 (1941); and Sherrill v. Sandlin, 232 Ala. 389,168 So. 426 (1936).
In order for Robinson to obtain Rule 60(b) relief, she must allege and prove one of the grounds set out under the rule and a meritorious defense to the action. Raine v. First WesternBank, 362 So.2d 846, 848 (Ala. 1978). Although Robinson must show at least presumptively that she has a defense, the showing of a meritorious case does not guarantee a victory. The rule of our cases is summarized in 49 C.J.S. Judgments
§ 349 (1947):
 "It is enough to present facts from which it can be ascertained that the complaining party has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding; it suffices to establish good faith and to tender a seriously litigable issue."
We believe that § 40-10-82 gives Robinson a meritorious defense to Reese's complaint to quiet title. If Reese is called upon to prove continuous adverse possession of the property for three years after his entitlement to demand a tax deed, then Robinson, at the very least, has presented a litigable issue under § 40-10-82.
Thus, our inquiry is whether Robinson's Rule 60(b) motion is based upon "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is an extraordinary remedy, permitted only in exceptional circumstances when the party can show the court sufficient equitable grounds for relief. Textron, Inc. v. Whitfield, 380 So.2d 259, 260
(Ala. 1979). We will not disturb the decision of the trial court on a 60(b) motion, however, unless we find one of the following: An absence of reasonable cause; that the rights of others subsequently arising would be adversely affected; or that the trial court's decision is unjust. Textron,supra, at 260, citing Nunn v. Stone,356 So.2d 1212 (Ala.Civ.App. 1978).[3]
In the record of this case, we find none of these exceptions. Evidence and testimony presented to the trial court show that Robinson continued to pay municipal assessments on the property through December 1984; in October 1986, Robinson *Page 401 
was assessed more than $300 for sewer projects affecting the property; and the tax department of the City of Montgomery mailed municipal assessment notices to Robinson at her home address in Maryland, an address that Reese was unable to locate prior to the filing of his complaint. Moreover, the decided weight of the evidence on the merits supports the trial court's findings of fact and conclusions of law. Therefore, we find no abuse of the trial court's exercise of its discretion in granting the Rule 60(b)(6) motion to set aside its earlier adjudication or in granting Robinson's request for relief on the merits.
Reese submits that the trial court committed error when it granted Robinson relief from the judgment and then entered judgment in her favor pursuant to § 40-10-82. Reese argues that he was denied an opportunity to present evidence in support of his legal right to claim title to the property, and that the trial court should have determined only whether Robinson was entitled to relief from the previous judgment. In light of what we have said above about the applicability of equitable principles to Rule 60(b) motions, we cannot agree.
The trial court vacated its judgment against Robinson, as was its right; subsequently, in order to accomplish justice and to place the parties in status quo (see C. Wright and A. Miller,Federal Practice Procedure: Civil § 2864 (1973)), it awarded the property to Robinson and ordered her to pay Reese the taxes, costs, and expenses he had incurred and paid in the purchase of the property. The record reflects that, prior to its order awarding the property to Robinson, the trial court, contrary to Reese's assertion on appeal, received testimony, affidavits, evidence, and briefs as to each party's claim of legal right to the property's title. In the exercise of its obligation to do equity, the trial court did not abuse its discretion or otherwise err in reaching and ruling on the merits of the case. See Blackwell v. Adams,467 So.2d 680 (Ala. 1985), and Chambers County Comm'rs v. Walker,supra.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] A tax purchaser is entitled to demand a tax deed three years after the tax sale. Code 1975, § 40-10-29.
[2] This case was mistakenly published as "Mobile
Oil Exploration, etc." It should have been "Mobil Oil Exploration, etc."
[3] In passing on an attack upon a judgment, the court is given wide discretion, but, absent a substantive attack on the judgment, Rule 60(b) cannot be used. See Ex parteOsborn, 375 So.2d 467 (Ala. 1979).