ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from the denial of a Rule 60(b)(6), Alabama Rules of Civil Procedure, motion.
On February 1, 1977, when David Neal Talley was seven years old, he was injured as a result of being struck by an automobile. The accident occurred when Mr. Talley, while walking home from school, ran into the street to catch a snowball being thrown by a friend. Mr. Talley recovered from all of his injuries except a substantial loss of hearing in both ears.
After engaging an attorney, Mr. Talley’s father filed an action for damages as his son’s next friend. The action was subsequently settled out of court for $1,200. The 1978 judgment of the court is as follows:
“This matter being presented to the court and the court having heard from the parents of the minor plaintiff and from their counsel it is, therefore,
“ORDERED, ADJUDGED and DECREED that a judgment be entered for the plaintiff in the amount of One Thousand Two Hundred ($1,200.00) Dollars.”
The defendant’s insurer also paid all of Mr. Talley’s medical bills, which amounted to between $3,000 and $4,000.
On September 8, 1989 Mr. Talley filed a Rule 60(b)(6) motion asking that the consent judgment of October 13, 1978 be set aside on the grounds that the consent judgment was inadequate and that the trial court failed to conduct an investigation into the matter to ascertain whether the settlement was fair and reasonable.
After a hearing the trial court denied the Rule 60(b)(6) motion, and its decision will not be set aside unless there has been an abuse of that discretion. Phillips v. Alonzo, 461 So.2d 796 (Ala.1984). Moreover, the grant of such a motion is an extraordinary remedy and will be allowed to stand only if the successful party can prove sufficient equitable grounds for relief. Reese v. Robinson, 523 So.2d 398 (Ala.1988). More specifically, the supreme court in Reese said:
“We will not disturb the decision of the trial court on a 60(b) motion, however, unless we find one of the following: An absence of reasonable cause; that the rights of others subsequently arising would be adversely affected; or that the trial court’s decision is unjust.”
Reese, 523 So.2d at 400 (citations omitted).
In his first issue Talley contends that the consent judgment should be set aside because the trial court failed to “conduct a judicial investigation of this settlement.”
An appeal from the denial of a Rule 60(b)(6) motion presents for review the correctness of the order appealed; it does not present for review the correctness of the order or judgment that the movant seeks to have set aside. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978).
The trial court, in its January 11, 1990 order, recited that it had examined the record made before it and found that the trial court, in the settlement proceedings, had conducted a hearing and had properly *386 settled the case. Further, the record reveals that the consent judgment contains a recitation that the trial court had heard from the parents of Talley and his attorney prior to judgment.
Mr. Talley’s mother testified in the present proceeding that she never appeared before a judge in the negligence action, but Talley’s father testified that he could not remember whether he had appeared before a judge or not. The trial court, in the Rule 60(b)(6) proceeding, found that the trial court, in the consent judgment matter, had conducted a hearing and had properly settled the case. The evidence supports such finding.
Additionally, we would point out that the recital in the consent judgment reveals that oral testimony, i.e. the court said it had heard from Talley’s parents, was received by the trial court and considered by it in making its judgment. Such testimony is not contained in the record before us; consequently, such evidence is presumed adequate to support the trial court’s consent judgment. Thompson v. McQuagge, 464 So.2d 105 (Ala.Civ.App.1985). No error in this aspect of the case.
The next issue is whether the Rule 60(b)(6) motion was filed by Talley within a reasonable time as required by the said rule.
In the negligence action Talley was represented by his father as next friend. Furthermore, Talley’s parents knew at the time of Talley’s release from the hospital that his hearing had been affected by the accident. If they were dissatisfied with the settlement due to the hearing disability, they could have sought relief from the judgment shortly after the judgment was rendered. As it is, about twelve years have elapsed since the judgment.
Because of the facts in this case, we do not believe that the Rule 60(b)(6) motion was filed within a reasonable time after the consent judgment. See Adams v. Farlow, 516 So.2d 528 (Ala.1987).
Finally, Talley argues that the settlement amount was inadequate to compensate him for his loss of hearing.
We do not reach this issue because of our finding that a Rule 60(b)(6) motion for relief, under the circumstances of this case, comes too late; however, we note that apparently Talley’s remedy would be an action against his father, rather than against the defendants in the negligence action. See Pate v. Perry’s Pride, Inc., 348 So.2d 1038 (Ala.1977).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.