MOORE, Judge,
dissenting.
I respectfully dissent.
The question whether anyone witnessed the execution of the deed at issue in this case was a question of fact to be determined by the trial court. See West v. West, 620 So.2d 640, 642 (Ala.1993). The presence of the signatures of the purported witnesses upon the deed raised a rebut-table presumption that the deed was properly witnessed. See Farmer v. Hypo Holdings, Inc., 675 So.2d 387, 391 (Ala.1996); and Henslee v. Henslee, 263 Ala. 287, 289, 82 So.2d 222, 224 (1955). However, Rachel G. Edwards presented sufficient evidence from which the trial court could have concluded that, in fact, no one witnessed the execution of the deed, thereby rebutting that presumption. Robert Thomas Wray II testified that neither he nor Janice M. Kiser, the persons listed on the deed as witnesses, actually observed the execution of the deed. Carol Jean Grisham testified that she did witness the execution of the deed, but her testimony was not “undisputed” on that issue, as the main opinion contends. 86 So.3d at 991. Counsel for Ms. Edwards thoroughly cross-examined Grisham, and that questioning reasonably could have convinced the trial court that Grisham was not credible, see In re Anonymous, 869 So.2d 498, 499 (Ala.Civ.App.2003), allowing the trial court to completely reject the entirety of her testimony. See Devan Lowe, Inc. v. Stephens, 842 So.2d 703, 706 (Ala.Civ.App.2002). Applying the ore tenus rule, see Salter v. Hamiter, 887 So.2d 230, 233-34 (Ala.2004), I do not believe this court can disturb the trial court’s finding of fact that no one properly witnessed the execution of the deed, and, therefore, I find no basis for reversing the judgment on that ground.
Grisham further argues on appeal that, pursuant to § 35-4-72, Ala.Code 1975, “[a] deed that has been recorded for more than 10 years cures any defect in an acknowledgment so as to bring it within the scope of [§ ] 35-4-65, [Ala.Code 1975].” Section 35-4-72 provides:
“When a validly executed instrument, not properly acknowledged and recorded, has for 10 years been of record in the office of the judge of probate, the original or a duly certified transcript thereof shall have the same force and effect as evidence as such original or transcript would have had had such instrument been duly acknowledged and recorded.”
Although the evidence reveals that the deed had been recorded for more than 10 years, I conclude also that § 35-4-72 does not support Grisham’s argument. That statute is “not intended to make the registration of an instrument for [10] years a valid deed which was not a valid deed when made.” Holloway v. Henderson Lumber Co., 194 Ala. 181, 185, 69 So. 821, 823 (1915) (discussing predecessor statute to § 35-4-72).[1] In this case, Ms. Edwards *993 argued and presented evidence indicating that the deed was not validly executed. The trial court was within its discretion to conclude, based on that evidence, that § 35-4-72 did not apply to validate the deed.
Because I do not believe that Grisham has presented any arguments on appeal that merit reversal, I respectfully dissent.
THOMPSON, P.J., concurs.

. At the time Holloway was decided, the predecessor statute to § 35-4-72 included a period of 20 years, rather than 10.