Rel: June 12, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

## CL-2025-0881

————————————————

## Stoney Point Landing Homeowners Association, Inc.

### v.

## Gary T. Lee and Rebecca Wilson

### Appeal from Winston Circuit Court
### (CV-24-900039)

EDWARDS, Judge.

In June 2024, Stoney Point Landing Homeowners Association, Inc. ("the HOA"), filed in the Winston Circuit Court a complaint against Gary T. Lee and Rebecca Wilson, pursuant to Ala. Code 1975, § 35-20-12, to enforce the HOA's lien against real property in the Stoney Point

subdivision, specifically described as Lot 200, which the HOA contended was owned by Lee and Wilson. The complaint alleged that Lee and Wilson had failed to timely pay to the HOA the 2024 assessment imposed under the Amended Declaration of Covenants, Conditions and Restrictions of Stoney Point Landing ("the amended declaration"). The amended declaration requires an "owner" to pay an annual assessment to the HOA by January 31 of each calendar year and defines the term "owner" as

> "any contract buyer and/or the record owner, whether one or more persons or entities, of a fee simple title to any lot which is a part of any of the [p]roperty made subject to this [d]eclaration but excluding those having such interest merely as security for the performance of an obligation."

Lee and Wilson filed a motion to dismiss or, in the alternative, for a summary judgment in which they argued that, because Lot 200 had been sold twice for the nonpayment of ad valorem taxes, they no longer owned any interest in the property and were therefore not an owner required to pay the HOA assessments under the amended declaration.[1] Lee and Wilson attached to their motion for a summary judgment, among

---

[1]Lee and Wilson admitted that they had not paid the 2024 assessment to the HOA and that they were subject to the amended declaration.

other things, a tax deed to Gene Lynn dated May 11, 2015, and a tax deed to Brenda Steele, dated May 15, 2020. The HOA responded to the motion for a summary judgment, attaching to its response, among other things, answers to discovery indicating that Lee had never been named a party to, or been served a summons in, any action to quiet title to Lot 200.[2] On May 29, 2025, after a hearing on the motion, the trial court entered a summary judgment in favor of Lee and Wilson. The HOA filed a postjudgment motion, which was denied by operation of law, see Rule 59.1, Ala. R. Civ. P., and the HOA filed a timely notice of appeal.[3]

---

[2]The HOA did not argue that the term "owner" included both "any contract buyer" and "the record owner," regardless of whether those persons were one and the same.

[3]On May 30, 2025, the day following the entry of the summary judgment in favor of Lee and Wilson, the HOA filed an amended complaint in which it named both Lynn and Steele as defendants and asserted a claim seeking a judgment declaring the ownership of Lot 200. An attorney for Lynn's estate appeared in the action and filed both a suggestion of Lynn's death and a motion to dismiss the claim against Lynn's estate, which the trial court granted. However, because the trial court never set aside the May 29, 2025, summary judgment, the trial court lacked jurisdiction to accept the amended complaint, and it is a nullity. See Ex parte Progressive Specialty Ins. Co., 31 So. 3d 661, 665 (Ala. 2009) (explaining that, after the entry of a final judgment, "[a]lthough the trial court may have retained jurisdiction to alter its judgment by an appropriate postjudgment motion," when "no such motion was granted by the trial court," a "trial court lack[s] jurisdiction to accept ... [an] amendment purporting to add new claims and a new

Our review of a summary judgment is de novo; that is, we apply the same standard as was applied in the trial court. Ex parte Ballew, 771 So. 2d 1040, 1041 (Ala. 2000). Rule 56(c)(3), Ala. R. Civ. P., provides that a motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Generally, a party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden, 592 So. 2d 1036, 1038 (Ala. 1992).

In its brief on appeal, the HOA argues that the trial court erred in entering a summary judgment in favor of Lee and Wilson because, it says, Lee and Wilson failed to support their motion for a summary judgment with evidence indicating that they were not the record titleholders of Lot 200. According to the HOA, although Lot 200 was sold for the

party"); Faith Props., LLC v. First Com. Bank, 988 So. 2d 485, 490 (Ala. 2008) (stating that "a trial court has no jurisdiction to entertain a motion to amend a complaint to add new claims or new parties after a final judgment has been entered, unless that 'judgment is first set aside or vacated' pursuant to the state's rules of civil procedure"). Thus, the amended complaint does not impact the finality of the May 29, 2025, summary judgment.

nonpayment of ad valorem taxes on two occasions, neither tax-deed holder had taken possession of the property nor had they timely sought to quiet title to Lot 200, and, as a result, the title to Lot 200 had reverted back to Lee and Wilson, the original record titleholders. The HOA appears to be correct.

Our supreme court explained in Reese v. Robinson, 523 So. 2d 398, 400 (Ala. 1988), that Ala. Code 1975, § 40-10-82,

> "has been held to bar an action by the tax purchaser to recover property sold for the payment of taxes, unless the tax purchaser brought the action within three years from the date he was entitled to demand a tax deed. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217 (1929). Also, if the taxpayer/landowner has remained in possession of the property for three years after the date when the tax purchaser became entitled to demand a tax deed, this statute would vest title in the taxpayer/landowner and protect him from any action brought by the tax purchaser to recover the property. Johnson v. Stephens, 240 Ala. 419, 199 So. 828 (1941); and Sherrill v. Sandlin, 232 Ala. 389, 168 So. 426 (1936)."

(Emphasis added.)

Put another way, when the holder of a tax deed is not in possession of the property and has failed to file an ejectment action during the three years following the date that he or she was entitled to demand a tax deed, title to the property reverts to the tax debtor. Rioprop Holdings, LLC. v. Compass Bank, 256 So. 3d 674, 679 (Ala. Civ. App. 2018). Furthermore,

5

"'where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by adverse possession of the tax purchaser.'" Id. at 679 (quoting Gulf Land Co. v. Buzzelli, 501 So. 2d 1211, 1213 (Ala. 1987)). Nothing in the record indicates that either Lee or Wilson have ever occupied Lot 200, and the record suggests that neither Lee nor Wilson occupied Lot 200 at the time the complaint was filed because, according to the complaint, Lee lived in Bremen, which is located in Cullman County, and Wilson lived in Tennessee.[4]

The record reflects that Lynn was issued a tax deed for Lot 200 on May 11, 2015. The record contains no information indicating that Lynn ever took possession of Lot 200. Thus, he had until May 11, 2018, to commence an action to quiet title to Lot 200 before title reverted to Lee and Wilson; the record contains no evidence indicating that he did so.

The record further reflects that Lynn failed to pay ad valorem taxes, resulting in another tax sale of Lot 200 in 2017, this time to Brenda Steele, who received her tax deed to Lot 200 on May 15, 2020. The record

_____

[4]A court can take judicial notice that a city is located in a particular county. Armstrong v. State ex rel. Embry, 249 Ala. 40, 43, 29 So. 2d 330, 332 (1947).

6

contains no indication that Steele ever took possession of Lot 200 or ever commenced an action seeking to quiet title to that property before May 15, 2023. If, in fact, she failed to do so, title to Lot 200 would again have reverted to Lee and Wilson, the original record titleholders.

Based on the evidence contained in the record, Lee and Wilson failed to establish that no genuine issue of material fact existed regarding whether they remained the owners of Lot 200 such that they were required to remit the 2024 assessment due to the HOA under the amended declaration. The record contains no evidence indicating that either Lynn or Steele ever took possession of Lot 200 or took any action to recover possession of Lot 200 during the three years following the issuance of their respective tax deeds, raising the question whether the title to Lot 200 has been revested in Lee and Wilson by operation of § 40-10-82. See Reese, 523 So. 2d at 400. The trial court therefore erred in entering a summary judgment in favor of Lee and Wilson. Accordingly, we reverse that summary judgment, and we remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.